822 So.2d 1011 (2002)
Charles Lavel STRINGER, Appellant,
v.
AMERICAN BANKERS INSURANCE COMPANY OF FLORIDA and Sidney Johnson, Appellees.
No. 2000-CP-00496-COA.
Court of Appeals of Mississippi.
March 12, 2002.
Rehearing Denied April 30, 2002.
Certiorari Denied August 8, 2002.
*1012 Charles Lavel Stringer, Pro Se, attorney for appellant.
Walter D. Willson, Jackson, Latisha Nicole Clinkscales, attorneys for appellees.
Before McMILLIN, C.J., THOMAS, and MYERS, JJ.
McMILLIN, C.J., for the court.
¶ 1. This case originated in the Circuit Court of Hinds County, First Judicial District, as a pro se action brought by Charles L. Stringer against several defendants who had played various roles in the issuance of an appearance bond that permitted Stringer to obtain a release from confinement pending disposition of a pending criminal charge. Shortly after his release, Stringer was arrested once again on an unrelated charge and remained confined through his subsequent trial and conviction on both charges. His suit seeks the return of the $7,500 bonding fee he paid to obtain issuance of the required $75,000 bond, apparently on the theory that the defendants caused the bond to be revoked after the second criminal charge surfaced. Though his cause of action would appear to sound in breach of contract based on an apparent claim of failure of consideration, Stringer chose to pursue the action as an infringement on his constitutional rights by the defendants acting under color of state law, such a claim made actionable by the provisions of 42 U.S.C. § 1983.
¶ 2. The defendants named in the suit were originally American Bankers Insurance Company, Surety Management Bonding Company, and Robert Cooksey in his capacity as agent for Surety Management Bonding Company. By an amended complaint, Stringer subsequently sought to bring in an additional individual defendant named Sidney Johnson, who was also alleged to be an agent of Surety Management Bonding Company.
¶ 3. The action was originally filed on July 13, 1992. There is no indication in the record that American Bankers Insurance Company was ever served with a summons and a copy of the complaint, though it appears that Stringer did have at least one summons issued to "American Bankers Insurance CompanyNo address provided." An entity with the legal name of American Bankers Insurance Company of Florida, having learned of the suit's existence from a third party and apparently believing itself to be the entity identified as American Bankers Insurance Company, entered a special appearance by motion on March 22, 2000, seeking dismissal of the action as to it based on insufficiency of the *1013 process and, therefore, the court's lack of jurisdiction. The motion further asked that the dismissal be with prejudice for the reason that, even if process were to be subsequently perfected, the applicable statute of limitations for the claim would have long since run. The court granted the motion and dismissed American Bankers with prejudice. The court subsequently certified that ruling as a final judgment, thereby making it an appealable order, under Rule 54 of the Mississippi Rules of Civil Procedure.
¶ 4. Stringer filed a motion seeking reconsideration of that ruling. As we understand the motion, Stringer did not contend that service had, in fact, been perfected on this defendant. Instead, he recited in his motion a litany of the difficulties he had encountered in attempting to obtain an address for American Bankers. The court denied Stringer any relief on his motion and Stringer filed a notice of appeal in which he specifically indicated that he was appealing from the court's order dismissing American Bankers and the subsequent order denying relief on his motion to reconsider that ruling. It is in that posture that the case comes before this Court.
¶ 5. Despite the narrow issue before the Court under Stringer's notice of appeal, Stringer's statement of issues in his brief indicates that he also seeks appellate review of several other rulings made by the trial court during the pendency of this action.
¶ 6. Two such orders affect, not American Bankers, but rather the individual defendant, Sidney Johnson. During the course of this proceeding, Stringer had succeeded in obtaining a default judgment against Johnson which the court subsequently set aside on Johnson's motion. Johnson was then successful in obtaining an order dismissing him as a defendant on the ground that the complaint failed to state a claim upon which relief could be granted against him. Stringer seeks in this appeal to have the default judgment against Johnson reinstated.
¶ 7. Other rulings complained of in Stringer's brief relate to alleged errors in the court's rulings regarding his attempts to compel responses to his discovery requests, an order denying sanctions against Johnson's attorneys, and a claimed denial of Stringer's right to call a witness at a hearing on Johnson's motion to dismiss.

A.

Dismissal of American Bankers
¶ 8. There is nothing in the record indicating that American Bankers was properly served with process in this cause from the time the suit was filed in 1992 until that party's motion to dismiss brought in a special appearance to contest the validity of any purported service of process. Relief on the motion was granted in May 2000. The complaint filed by Stringer reflects that his alleged cause of action, assuming such a cause of action existed solely for purpose of argument, accrued in late January or early February 1989 when he was re-incarcerated and no refund was made on the bond fee. Mississippi Rule of Civil Procedure 4(h) provides that failure to perfect service within 120 days of the filing of a complaint authorizes the court to dismiss the complaint unless good cause is shown as to why service was not had within the time permitted. M.R.C.P. 4(h). In this case, insofar as the record reveals, years have passed since suit was filed without Stringer ever having American Bankers properly served as a defendant. Stringer's reasons for his failure offered in his response to the motion to dismiss were that he was incarcerated during a part of the time and that he attempted to obtain an address for American *1014 Bankers through the discovery process from the defendant, Sidney Johnson, but that Johnson obstinately refused to disclose the information needed by Stringer to perfect service.
¶ 9. Counsel for American Bankers pointed out to the trial court that the company had, at all pertinent times, been registered to do business in Mississippi with the Mississippi Secretary of State and had a registered agent for service of process in Mississippi in accordance with state law. The defendant contended, and the trial court agreed, that, in view of the ready availability of this information and in view of the fact that pro se litigants are generally held to the same standards as parties represented by counsel, Stringer's misguided and ineffectual efforts to serve American Bankers did not constitute "good cause" for delay within the meaning of Rule 4(h).
¶ 10. In determining such imprecise issues as the existence of "good cause," the trial court is afforded wide discretion and may be reversed only for an abuse of that discretion. Rains v. Gardner, 731 So.2d 1192, 1197 (¶ 18) (Miss. 1999). Case law in this state considering "good cause" under Rule 4(h) has equated it to notions of "excusable neglect" in not perfecting process. Watters v. Stripling, 675 So.2d 1242, 1243 (Miss.1996). We agree that a pro se litigant's ignorance of a readily-available means, through access to public records maintained specifically for that purpose, of obtaining information to serve an intended defendant in litigation does not rise to the level of excusable neglect under authority holding that pro se litigants must be held to essentially the same standards in the conduct of litigation as are members of the bar licensed to practice before the court. Ivy v. Merchant, 666 So.2d 445, 449-50 (Miss.1995). The dismissal for failure to properly serve American Bankers with a summons and copy of the complaint for a period in excess of eight years was an entirely correct application of Rule 4(h).
¶ 11. The sole issue of concern to this Court is that the dismissal was with prejudice, whereas Rule 4(h) states that a dismissal on the ground of failure to timely serve a named defendant shall be without prejudice. M.R.C.P. 4(h). We cannot help but observe that prior Mississippi decisions have held that the statute of limitations on a pending claim that has been tolled by the filing of a lawsuit commences to run again once the 120 days to perfect service has expired. Erby v. Cox, 654 So.2d 503, 504-05 (Miss.1995); Pruett v. Malone, 767 So.2d 983, 985(¶ 9) (Miss. 2000). Our ruling today necessarily carries with it the conclusion that the statute of limitations began to run once again on Stringer's claim in the latter part of 1992 and nothing that has occurred since then could even arguably have served to toll the running. It is entirely possible that consideration of the futility of dismissing in a manner that would permit the refiling of the suit a substantial number of years after the limitation period would have expired led the circuit court to dismiss with prejudice. If, in fact, the trial court had ever acquired jurisdiction over American Bankers, such a ruling might be appropriate in the interest of judicial economy. Nevertheless, in this situation where jurisdiction over the defendant has never been obtained, it remained beyond the court's authority to rule on an issue that reaches to the viability of the claim itself. An affirmative defense such as the statute of limitations can only be raised by a party properly before the court-a posture in which American Bankers has not found itself since the inception of this proceeding nearly ten years ago. Therefore, though we find the Rule 4(h) dismissal to be appropriate, *1015 we find it necessary to alter the form of dismissal of American Bankers from a dismissal with prejudice to dismissal without prejudice.

B.

The Issues Affecting Sidney Johnson
¶ 12. Insofar as the record before us reveals, there remain pending claims asserted by Stringer against Surety Management Bonding Company and Robert Cooksey. The various actions of the trial court pertaining to Stringer's claims against Sidney Johnson are all interlocutory in natureincluding the order dismissing him with prejudice, since it did not contain the necessary Rule 54 certifications to make it a final judgment. Interlocutory orders are not appealable as a matter of right. So long as an order "adjudicates fewer than all of the claims or the rights and liabilities of fewer than all the parties," it remains subject to revision by the trial court and is not appealable. M.R.C.P. 54(b); Fairley v. George County, 800 So.2d 1159, 1162(¶ 5) (Miss.2000).
¶ 13. This Court lacks jurisdiction to consider appeals of interlocutory court orders unless permission has been obtained for such an appeal under Mississippi Rule of Appellate Procedure 5. M.R.A.P. 5; American Elec. v. Singarayar, 530 So.2d 1319, 1322 (Miss.1988). We are further obligated to note our own lack of jurisdiction to proceed on our own motion, if the situation arises. Donald v. Reeves Trans. Co. of Calhoun, Georgia, 538 So.2d 1191, 1194 (Miss.1989).
¶ 14. Finding ourselves without jurisdiction to consider any of the interlocutory rulings of the trial court relating to Sidney Johnson, we dismiss this appeal insofar as it relates to him.
¶ 15. THE JUDGMENT OF THE CIRCUIT COURT OF HINDS COUNTY, FIRST JUDICIAL DISTRICT, DISMISSING THE APPELLANT'S CLAIMS AGAINST THE APPELLEE, AMERICAN BANKERS INSURANCE COMPANY OF FLORIDA, IS AMENDED TO PROVIDE THAT THE DISMISSAL IS WITHOUT PREJUDICE AND THE DISMISSAL IS AFFIRMED AS AMENDED. INSOFAR AS THIS APPEAL ATTEMPTS TO RAISE ISSUES AFFECTING THE APPELLEE, SIDNEY JOHNSON, THE APPEAL IS DISMISSED FOR LACK OF JURISDICTION AS AN INTERLOCUTORY APPEAL. ALL COSTS OF THE APPEAL ARE ASSESSED TO HINDS COUNTY.
KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, IRVING, MYERS, CHANDLER AND BRANTLEY, JJ., CONCUR.