KING, C.J.,
for the Court.
¶ 1. In 1988, Charles Stringer was arrested on a charge of drug possession. Bail for this offense was set at seventy five thousand dollars. Stringer entered into a contract with Surety Management Bonding Company to post his bail. Stringer paid a seven thousand five hundred dollar fee for this service. While on bond, Stringer was arrested in 1989 on a new charge. As a result of this new charge, the court revoked the bond posted for Stringer by Surety Management, and ordered him jailed. In 1992, Stringer filed suit (Stringer I) against Surety Management, American Bankers Insurance Company of Florida (as surety on the bond), and Robert Cooksey (individually and in his official capacity as agent for Surety Management), alleging that they wrongfully caused the revocation of his bond. Stringer failed to attain service of process on these defendants. Stringer later amended his complaint to include Sidney Johnson as a defendant (individually and in his official capacity as agent for Surety Management). Sidney Johnson was the only defendant to receive proper service of process which was effected on May 26, 1995.
¶ 2. In March 2000, American Bankers made a special appearance to contest jurisdiction, and to argue other procedural matters, including that the case was barred by the statute of limitations. The trial court found a lack of process and dismissed, with prejudice, the claim against American Bankers. Stringer filed a motion to alter or amend judgement, which was denied on July 26, 2000.
¶ 3. In Stringer v. American Bankers Insur. Co., 822 So.2d 1011 (Miss.Ct.App. 2002), this Court held that the dismissal for lack of process should have been without prejudice because, in the absence of process, American Bankers lacked standing to contest the other issues. The Court also held that the claims against the other parties were not ripe for appeal and remanded the case to the trial court.
¶ 4. On remand, Stringer chose to file a separate lawsuit on April 18, 2002, in *115 Hinds County Circuit Court Civil Action No. 251-02-500CIV (Stringer II). This new action raised the identical claims raised in Stringer I. While filing this new action, Stringer still pursued his claims in Stringer I by filing for certiorari with the Mississippi Supreme Court on May 6, 2002.
¶ 5. On May 31, 2002, American Bankers moved in the circuit court to dismiss the Stringer II claims with prejudice based on the running of the statute of limitations. The circuit court withheld ruling on the motion to dismiss, pending the decision by the supreme court on the writ of certiorari in Stringer I. On July 31, 2002, the supreme court denied cert in Stringer I and, on August 29th, the circuit court granted American Bankers’ motion to dismiss in Stringer II, with prejudice. The circuit court’s order included the following findings, stated verbatim:
1. That the Plaintiffs claims against [American Bankers] are barred by the applicable Mississippi statute of limitations as provided in Miss.Code Ann. § 15-1-49.
2. That, pursuant to Miss. R. Civ. P. 12(b), [Stringer] has failed to state a claim upon which any relief can be granted, as [Stringer] has failed to allege and prove facts which would support that [American Bankers] breached the bond agreement or that [Stringer] is entitled to anything further under the bond.
3. That the claims against [American Bankers] should be dismissed with prejudice.
¶ 6. The court dismissed Stringer II with prejudice, but prior to this ruling, Stringer sought to bring American Bankers back into the original lawsuit (Stringer I). On June 2, 2003, Stringer requested that the Hinds County Circuit Clerk re-issue a summons to American Bankers. The summons was executed on July 15, 2003. Stringer never filed an amended complaint in Stringer I, nor did he seek leave from the circuit court to file a new complaint. The docket entries indicate, however, that American Bankers was served with process on April 10, 2000. Stringer did not timely appeal Stringer II, but rather filed a petition for writ of mandamus in the supreme court on December 5, 2002. Stringer requested that the supreme court direct the circuit court to enter a default judgment against American Bankers or, in the alternative, grant Stringer permission to file an out of time appeal (Stringer v. American Bankers, 2002-M-01995).
¶ 7. On July 14, 2003, Stringer filed a motion to recuse Hinds County Circuit Court Judge Swan Yerger from Stringer I. On August 13, 2003, American Bankers filed a motion to dismiss Stringer’s claims in Stringer I. The motion argued that by the court’s dismissal in Stringer II, Stringer’s claims were barred by the statute of limitations, as well as res judicata.
¶ 8. On January 22, 2004, the circuit court denied Stringer’s motion to recuse, finding the motion was without merit. Later, on August 23, 2004, the circuit court granted American Bankers’ motion to dismiss Stringer’s claims in Stringer I, with prejudice. On September 8, 2004, the circuit court modified its prior order granting American Bankers’ motion to dismiss. The court held that Stringer’s motion to recuse was without merit and the complaint was frivolous. The court also held that Stringer was barred from filing any further pro se actions in the First Judicial District of Hinds County without prior approval of one of the Hinds County Court judges based on his previous frivolous lawsuit filings. It further stipulated that if one of the judges approved Stringer’s pro se filings, that judge would be responsible for hearing Stringer’s case.
*116 ¶ 9. On February 1, 2005, the circuit court denied Stringer’s motion to alter or amend judgment, concluding that Stringer was simply reasserting the arguments from his previous complaint and those arguments were frivolous and without merit. On February 23, 2005, Stringer filed his notice of appeal of Stringer I, and appealed the final judgment entered on May 3, 2000, and the February 1, 2005 order denying Stringer’s motion to alter or amend judgment.
¶ 10. Stringer’s appeals in Stringer I and Stringer II have been consolidated for purposes of appeal. He has raised a number of issues on appeal, which this Court restates as follows:
I. Whether the trial court erred in granting America Bankers’ motion to dismiss.
II. Whether the trial court erred in denying Stringer’s motion to alter or amend judgment.
III. Whether the trial court erred in granting Sidney Johnson’s motion to dismiss.
IV. Whether the trial court erred in denying Stringer’s motion to re-cuse.
Finding these issues are barred by the statute of limitations and res judicata, we affirm the trial court’s decision.
ANALYSIS
I. Whether the trial court erred in granting American Bankers’ motion to dismiss.
¶ 11. Stringer argues that the trial court should not have granted American Bankers’ motion to dismiss. Stringer also raises additional issues with several trial court decisions involving his suit with American Bankers, including the trial court’s decision to deny Stringer’s motion to compel discovery, as well as the trial court’s decision to deny Stringer’s right to call witnesses.
¶ 12. The trial court dismissed Stringer’s claims in Stringer I, finding the claims were meritless, barred by the statute of limitations, and barred by the doctrine of res judicata, due to the circuit court’s final judgment in Stringer II.
¶ 13. In order to apply res judi-cata, the following identities must be present: “(1) identity of the subject matter of the action, (2) identity of the cause of action, (3) identity of the parties to the cause of action, and (4) identity of the quality or character of a person against whom a claim is made.” Pro-Choice Miss, v. Fordice, 716 So.2d 645, 665(¶ 70) (Miss. 1998) (citing Dunaway v. W.H. Hopper & Associates, Inc., 422 So.2d 749, 751 (Miss. 1982)). All identities must be present in order to successfully assert the defense of res judicata. Harrison v. Chandler-Sampson, Ins., Inc., 891 So.2d 224, 232(¶ 24) (Miss.2005).
¶ 14. This Court finds that all four identities are present and the trial court properly dismissed Stringer’s claims against American Bankers. On August 29, 2002, the court entered a final judgment in Stringer II, dismissing American Bankers from the case. The Court in Stringer II held that the statute of limitations and Rule 12(b)(6) of the Mississippi Rules of Civil Procedure barred Stringer’s claims against American Bankers. According to Rule 4 of the Mississippi Rules of Appellate Procedure, Stringer had thirty days in which to file a notice of appeal of this decision. Stringer did not timely file the notice, but rather filed a petition for a writ of mandamus, asking the supreme court to direct that the circuit court enter a default judgment against American Bankers or grant Stringer permission to file an out of time appeal. Due to Stringer’s failure to *117 appeal this decision, Stringer II became a final judgment on September 29, 2002.
¶ 15. Stringer then attempted to revive his previous claims (Stringer I) against American Bankers. Stringer I raised the identical claims as Stringer II. Under res judicata, “a final judgment on the merits bars further claims by parties or their privies based on the same cause of action.” Miller v. Miller, 838 So.2d 295, 297(¶5) (Miss.Ct.App.2002). The decision in Stringer II was a final judgment on the merits based on the same cause of action. Therefore, Stringer’s claims are not properly before this Court. For these reasons, Stringer’s claims are without merit.
II. Whether the trial court erred in denying Stringer’s motion to alter or amend judgment.
¶ 16. Stringer claims that the trial court should have granted his motion to alter or amend the court’s judgment in Stringer I. This issue is moot due to the circuit court’s proper finding that Stringer’s claims against American Bankers are barred by the doctrine of res judicata.
III. Whether the trial court erred in granting Sidney Johnson’s motion to dismiss.
¶ 17. On October 13, 1999, Johnson filed a motion to dismiss Stringer’s complaint for failure to state a cause of action upon which relief could be granted, pursuant to Rule 12(b)(6) and 12(c) of the Mississippi Rules of Civil Procedure. Johnson argued that he, as an employee of Surety Bonding Company, could not be liable for the actions and decisions of his employer based on the theories of respondeat superior and agency. The circuit court granted Johnson’s motion to dismiss, with prejudice, on January 10, 2000. On January 21, 2000, Stringer filed a motion to alter or amend the circuit court’s judgment and, on January 25, 2000, Johnson responded to the motion.
¶ 18. In Stringer I, the Court found that it was without jurisdiction to rule on Johnson’s motion for dismissal because it, along with several other claims asserted by Stringer against Johnson, was interlocutory in nature. See Stringer, 822 So.2d at 1015(¶ 12). The Court stated:
Interlocutory orders are not appealable as a matter of right. So long as an order “adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties,” it remains subject to revision by the trial court and is not appealable. M.R.C.P. 54(b); Fairley v. George County, 800 So.2d 1159, 1162(¶ 5) (Miss.2001).

Id.

¶ 19. The Court found that the order granting the motion to dismiss Johnson did not contain the necessary Rule 54 certifications to make it an appealable judgment. Id. At the time of appeal, Stringer still had pending claims against Surety Management Bonding Company and Robert Cooksey. Id.
¶ 20. Stringer now brings the issue of Johnson’s dismissal again before this Court for a second time on appeal. This time, however, we find that the judgments entered in favor of Johnson, including the order to dismiss with prejudice, as well as the order to vacate and set aside default judgment, are now properly before this Court and are no longer interlocutory.
¶ 21. The courts have adjudicated “all the claims or the rights and liabilities” of all the parties joined to this suit. Throughout the course of litigation, Stringer joined the following defendants to the litigation: American Bankers Insurance Company of Florida, Sidney Johnson, Charles “Tony” Davis, Surety Management and Robert Cooksey.
*118 ¶ 22. As previously discussed, Stringer can no longer assert claims against American Bankers, due to the trial court’s decision in Stringer II, which became a final judgment due to the lack of a timely appeal. The circuit court found Charles “Tony” Davis was improperly joined as a defendant in its July 26, 2000 order denying Stringer’s demand for judgment against him, so Stringer has no claims left to adjudicate regarding Davis. Stringer included Surety Management and Robert Cooksey in his initial 1992 court filing. However, Stringer has since failed to assert any claims against these defendants[1] in this appeal. Even if Stringer asserted claims against these two defendants, Stringer is prevented from pursuing any possible claims against Surety Management and Cooksey. Stringer’s claims against Surety Management and Cooksey were based on the same set of facts and cause of action as Stringer’s claims against American Bankers. We have previously found that Stringer’s cause of action was barred by the statute of limitations and Rule 12(b)(6) of the Mississippi Rules of Civil Procedure. As such, Stringer would be prevented from pursuing any claims against Surety Management and Cooksey.
¶ 23. In 2000, the court granted Johnson’s motions to be dismissed from the complaint. We find that this decision is no longer interlocutory, and now rule that this dismissal was made a final order by the court’s holding in Stringer II. For these reasons, Stringer’s claims are without merit.
IV. Whether the trial court erred in denying Stringer’s motion to re-cuse.
¶ 24. Stringer claims that the trial court judge should have granted his motion to recuse. Because this Court finds that Stringer’s claims are barred by the doctrine of res judicata, this issue is moot.
AMERICAN BANKERS’ REQUEST FOR SANCTIONS
¶ 25. American Bankers requests this Court to impose sanctions on Stringer for filing a frivolous appeal. American Bankers cites to Rule 38 of the Mississippi Rules of Appellate Procedure which reads, “In a civil case to which Miss.Code Ann. § 11-3-23 (1991) does not apply, if the Supreme Court or Court of Appeals shall determine that an appeal is frivolous, it shall award just damages and single or double costs to the appellee.”
¶ 26. This Court finds that the American Bankers is entitled to costs, but declines to award any additional monetary sanctions.
¶ 27. THE JUDGMENT OF THE CIRCUIT COURT OF HINDS COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
LEE AND MYERS, P.JJ., IRVING, CHANDLER, GRIFFIS, BARNES, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR.

. A reading of the record does not indicate that Robert Cooksey has ever been properly served process in this litigation. Furthermore, Stringer included only American Bankers in his appeal of the Stringer II decision.