BARNES, J.,
 

 for the Court.
 

 ¶ 1. Barbara Rigdon appeals the Hinds County Circuit Court’s dismissal of her complaint based upon the statute of limitations. Finding Rigdon’s notice of appeal was untimely filed, we have no alternative but to dismiss the appeal for lack of jurisdiction.
 

 SUMMARY OF FACTS AND PROCEDURAL HISTORY
 

 ¶ 2. Rigdon was an independent contract insurance agent for the appellees, Mississippi Farm Bureau Federation, Lauder-dale County Farm Bureau, Rural Insurance Agency, Inc., Southern Farm Bureau Life Insurance Company, Southern Farm Bureau Casualty Insurance Company, Mississippi Farm Bureau Casualty Insurance
 
 *323
 
 Company, and Tommy Allen (hereinafter collectively referred to as “the Appellees”). Each insurance company maintained its own contract with Rigdon, and all contracts had been signed and were in effect by March 8, 1991. On September 3, 1996, Rigdon terminated her employment as an independent contractor with each of the companies; her termination was effective as of September 13,1996.
 

 ¶ 3. Rigdon, along with four other plaintiffs, filed a complaint against the Appel-lees on August 30, 1999, in the Circuit Court of Claiborne County. The complaint alleged breach of contract, tortious breach of contract, fraud, conspiracy, intentional misrepresentation, negligent misrepresentation, intentional infliction of emotional distress, and negligent infliction of emotional distress. Ultimately, the cases were severed by the Mississippi Supreme Court,
 
 [1]
 
 and the complaint was dismissed without prejudice by the Claiborne County Circuit Court. Rigdon re-filed her complaint in the proper venue of the Second Judicial District of Hinds County Circuit Court on March 2, 2007. However, service of process was never effected upon the Appellees related to this action.
 

 ¶4. On August 21, 2007, the Appellees filed a motion to dismiss Rigdon’s March 2, 2007, complaint under Mississippi Rule of Civil Procedure 12(b)(6) citing statute of limitations as a defense. In the motion, the Appellees claimed that the statute of limitations began to run on September 14, 1996, the day after Rigdon’s termination was effective. Further, they noted that they had never been properly served with process following Rigdon’s filing of this complaint in Hinds County Circuit Court. On August 27, 2007, Rigdon filed a second complaint in the Hinds County Circuit Court based upon the same set of facts and claims included in the first complaint.
 
 [2]
 
 Service of process for the second complaint was effectuated upon the Appellees on November 16, 2007, which was within 120 days of the filing of the second complaint pursuant to Mississippi Rule of Civil Procedure 4(h). However, according to the Appellees, the statute of limitations expired on July 17, 2007.
 
 [3]
 
 The Appellees filed a second motion to dismiss on October 9, 2007, again citing statute of limitations as a defense.
 
 [4]
 
 The circuit court entered a “Memorandum Opinion and Order” in both cases on February 12, 2008, granting the Appellees’ motions to dismiss. The document recited that the court had “considered all filings and submissions of the parties” and found that Rigdon was statutorily barred from bringing either action.
 
 *324
 
 The last two sentences of the Memorandum Opinion and Order stated:
 

 IT IS THEREFORE, ORDERED AND ADJUDGED, that defendants’ motion to dismiss be, and the same is hereby, granted.
 

 SO ORDERED AND ADJUDGED, this day the 12th day of February, 2008.
 

 The order was filed with the circuit court clerk the following day on February 13, 2008. Rigdon did not file her notice of appeal until May 5, 2008.
 

 JURISDICTION
 

 ¶ 5. The Appellees have filed a motion to dismiss Rigdon’s appeal, citing her failure to file a timely notice of appeal. Under Mississippi Rule of Appellate Procedure 4(a), a notice of appeal must be filed with the clerk of the trial court within thirty days after entry of the judgment or order being appealed. This “time requirement is jurisdictional and will be strictly enforced.”
 
 Westbrook v. Miss. Employment Sec. Comm’n,
 
 910 So.2d 1135, 1138(¶ 6) (Miss.Ct.App.2005) (citing
 
 Bank of Edwards v. Cassity Auto Sales, Inc.,
 
 599 So.2d 579, 582 (Miss.1992)).
 

 ¶ 6. Rigdon does not dispute that her notice of appeal, which was filed almost three months after the entry of the court’s order, was untimely filed. Rather, she argues that the circuit court’s order was not a final judgment which expressly dismissed the claims with prejudice under Mississippi Rule of Civil Procedure 54(b); therefore, she claims that her notice of appeal is not procedurally deficient.
 
 See Wiggins v. Perry,
 
 989 So.2d 419, 431(¶ 31) (Miss.Ct.App.2008) (“a party may only appeal a final judgment”). Accordingly, Rig-don requests that this Court, in order to promote judicial economy, direct the circuit court to enter a final judgment of dismissal so that her appeal may proceed on its merits.
 
 See
 
 M.R.A.P. 4(b) (a notice of appeal filed before the entry of a judgment or order “shall be treated as filed after such entry and on the day of the entry”).
 

 ¶ 7. The Mississippi Supreme Court has directed that “[a]n appeal ... may be taken as a matter of right only after the trial court disposes of all the claims against all defendants.”
 
 Calvert v. Griggs,
 
 992 So.2d 627, 631(¶ 10) (Miss.2008). Mississippi Rule of Civil Procedure 54(b) states that:
 

 When more than one claim for relief is presented in an action, whether as a claim, counter-claim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an expressed determination that there is no just reason for delay and upon an expressed direction for the entry of the judgment. In the absence of such determination and direction,
 
 any order or other form of decision, however designated which adjudicates fewer than all of the claims or the rights and liabilities of fewer than all the parties shall not terminate the action
 
 as to any of the claims or parties and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.
 

 (Emphasis added). Absent a certification under this rule by the circuit court, “any order in a multiple party or multiple claim action, even if it appears to adjudicate a separable portion of the controversy, is interlocutory.”
 
 Id.
 
 cmt. Consequently, a judgment will only be considered final and appealable if it “ ‘adjudicates the merits of the controversy which settles all the issues as to all the parties’ and requires no further action by the lower court.”
 
 Walters
 
 
 *325
 

 v. Walters,
 
 956 So.2d 1050, 1053(¶ 8) (Miss.Ct.App.2007) (citation omitted).
 

 ¶ 8. Rigdon also points to the fact that the Memorandum Opinion and Order by the circuit court did not bear the title of “Judgment” as required by Mississippi Rule of Civil Procedure 58. The rule states, in pertinent part, that:
 

 Every judgment shall be set forth on a separate document which bears the title of “Judgment.” However, a judgment which fully adjudicates the claim as to all parties and which had been entered as provided in [Mississippi Rule of Civil Procedure] 79(a) shall, in the absence of prejudice to a party, have the force and finality of a judgment even if it is not properly titled.
 

 M.R.C.P. 58.
 
 [5]
 
 Consequently, the “failure to properly title a judgment which fully adjudicates all claims in a case as to all parties will not be deemed to prevent that judgment from being fully effective so long as it has been entered as required in [Mississippi Rule of Civil Procedure] 79(a).”
 
 [6]
 

 Id.
 
 cmt.
 

 ¶ 9. While the circuit court’s Memorandum Opinion and Order was not titled as a “Judgment,” it clearly used words of finality and adjudication. The order concluded that Rigdon could not “maintain this cause of action” against the Appellees and twice included the phrase “ordered and adjudged.” The order further stated that the defendants’ motion “is hereby, granted.” A judgment is final and appeal-able if there is a “writing which is ‘the final determination of an action and thus has the effect of terminating the litigation,”’ that is signed by the court and filed and entered by the clerk pursuant to Rule 58.
 
 Roberts,
 
 653 So.2d at 252. We find that the circuit court’s order was clearly a final judgment as it adjudicated
 
 all
 
 claims against
 
 all
 
 defendants and “granted” the defendants’ motion to dismiss.
 

 ¶ 10. The comments to Rule 58 provide, however, that if a notice of appeal is filed untimely due to “an inappropriate or misleading title of judgment, such failure may, under proper circumstances, constitute ‘excusable neglect’ under [Mississippi Rule of Appellate Procedure] 4(g)” M.R.C.P 58 cmt. Rule 4(g) does not, under the circumstances of this case, assist Rigdon. That rule allows the
 
 trial court
 
 to grant an extension of time for filing a notice of appeal if the appellant files a motion for extension within thirty days after the time for filing the notice of appeal otherwise expires. M.R.A.P 4(g). The trial court may then grant an extension limited to that thirty days, or to a period ending ten days after the entry of the order granting the motion, whichever is later.
 
 Id.
 
 and cmt. “While our appellate rules allow the trial court to extend the time for filing a notice of appeal under Rule 4(g), ... this Court is not so authorized.”
 
 Payne v. Magnolia Healthcare, Inc.,
 
 984 So.2d 290, 294(¶ 16) (Miss.Ct.App.2007). Accordingly, this Court has no authority to extend Rigdon’s time for filing her notice of appeal. And, since Rigdon
 
 *326
 
 failed to file a motion with the circuit court within the thirty-day extension period, the circuit court has no authority to do so. Rigdon’s request that the case be remanded to the circuit court would, thus, serve no purpose.
 

 ¶ 11. The circuit court’s Memorandum Opinion and Order was final and appeal-able as of February 13, 2008. As Rigdon’s notice of appeal was untimely filed and she failed to file a motion for an extension of time with the circuit court, under Mississippi Rule of Appellate Procedure 4(g), we must dismiss the appeal for lack of jurisdiction.
 

 ¶ 12. THE APPEAL IS DISMISSED FOR LACK OF JURISDICTION. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
 

 KING, C.J., LEE AND MYERS, P.JJ, IRVING, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR. GRIFFIS AND MAXWELL, JJ., NOT PARTICIPATING.
 

 [1]
 

 .
 
 Miss. Farm Bureau Fed’n v. Roberts,
 
 927 So.2d 739 (Miss.2006).
 

 [2]
 

 .
 
 Rigdon's March 2, 2007, complaint merely contained a copy of her claims from the dismissed complaint filed in Claiborne County. The August 25, 2007, complaint, however, contained a new factually-detailed history outlining her claims of direct breach of contract and misrepresentation.
 

 [3]
 

 . At the time Rigdon filed her March 2, 2007, complaint, fifteen days remained on the three-year statute of limitations. Although the statute of limitations was tolled for 120 days under Rule 4(h), it resumed at the end of that period, on July 2, 2007.
 
 See Parmley v. Prin-gle,
 
 976 So.2d 422, 424 (¶¶ 8, 9) (Miss.Ct.App.2008) (the filing of a complaint tolls the statute of limitations for 120 days, but if the complainant "fails to serve process on the defendant within that 120-day period,” the statute of limitation automatically resumes "when that period expires”).
 

 [4]
 

 .Rigdon filed a motion opposing the motion to dismiss on November 16, 2007, claiming that the statute of limitations was tolled due to fraudulent concealment on the part of the Appellees. A hearing on the motions was held on November 16, 2007. The Appellees then filed a rebuttal to Rigdon's motion on December 4, 2007.
 

 [5]
 

 . On May 27, 2004, Rule 58 was amended to include the language addressing the finality of an improperly-titled judgment. The comments note that the amendment effectively overrules a line of Mississippi Supreme Court
 
 cases—Thompson v. City of Vicksburg,
 
 813 So.2d 717 (Miss.2002),
 
 Mullen v. Green Tree Financial Corp.,
 
 730 So.2d 9 (Miss.1998), and
 
 Roberts v. Grafe Auto Co., Inc.,
 
 653 So.2d 250 (Miss.1994)-"insofar as they hold that strict compliance with the titling requirement is mandatory and prevents finality, even in the absence of prejudice.”
 
 Id.
 
 cmt.
 

 [6]
 

 . Rule 79(a) sets forth the requirements for the court clerk to maintain a general docket in which “all appearances, orders, verdicts, and judgments shall be noted[.]” M.R.C.P. 79(a).