81 So.3d 277 (2012)
DEUTSCHE BANK NATIONAL TRUST COMPANY, as Trustee of Ameriquest Mortgage Securities, Inc., Asset Backed Pass Through Certificates, Series 2004-R11 Under the Pooling and Servicing Agreement, Appellant
v.
Wilburn L. BRECHTEL, Jr., and Barbara Brechtel, Appellees.
No. 2010-CA-01794-COA.
Court of Appeals of Mississippi.
January 31, 2012.
*278 Sean Albert Southern, attorney for appellant.
Wilburn L. Brechtel Jr., pro se.
Barbara Brechtel, appellee, pro se.
EN BANC.
GRIFFIS, P.J., for the Court:
¶ 1. Deutsche Bank National Trust Company appeals the chancellor's denial of its motion for a default judgment. This Court lacks jurisdiction to consider this appeal. We therefore dismiss this appeal for want of jurisdiction.
¶ 2. On September 22, 1994, the Brechtels obtained property located in Harrison County at 13509 W. Echo Drive in Gulfport, Mississippi, from Hazel Louise Wilson and James J. Robinson via a warranty deed. The Brechtels recorded the deed in the land records.
¶ 3. After acquiring the property, the Brechtels purchased a manufactured home in 1999 and placed it on the land. The Brechtels affixed the manufactured home to the property at 13509 W. Echo Drive and removed the wheels and axles. On December 2, 1999, they had the manufactured home certified as real estate by the Harrison County Tax Assessor.
¶ 4. On November 9, 2004, the Brechtels executed a deed of trust to Ameriquest Mortgage Company and, subsequently, recorded the instrument in the land records. Ameriquest then assigned the deed of trust on June 25, 2007 to Deutsche Bank, as Trustee of Ameriquest Mortgage Securities Inc. Asset Backed Pass Through Certificates, under the Pooling and Servicing Agreement. This assignment was also recorded in the land records. The deed of trust contained no reference to the manufactured home.
¶ 5. The Brechtels defaulted on the terms and conditions of their loan. On July 17, 2008, Deutsche Bank foreclosed on the property through a non-judicial foreclosure sale. A substitute trustee's deed conveying the property to Deutsche Bank was recorded in the land records.
*279 ¶ 6. On June 1, 2010, Deutsche Bank filed a complaint for a declaratory judgment that asked the chancellor to declare that the manufactured home was included in the foreclosure sale of the Brechtels' property. Deutsche Bank also asked the chancellor to direct the Mississippi State Tax Commission (MTC) to issue a new certificate of title to the manufactured home, listing Deutsche Bank as the owner. On June 25, 2010, the Brechtels were served with process by publication, and on June 11, 2010, "any and all persons with an interest in the property at 13509 W. Echo Drive, Gulfport, Mississippi," were also served by publication.
¶ 7. On August 3, 2010, docket entries of default were filed for the Brechtels and "any and all persons with an interest in the property bearing the municipal address of 13509 W. Echo Drive, Gulfport Mississippi." The MTC filed an entry of appearance, but it did not contest the complaint.
¶ 8. On August 3, 2010, Deutsche Bank filed its motion for a default judgment, which the chancellor denied on September 13, 2010. The chancellor considered the merits of the complaint and interpreted Mississippi Code Annotated section 27-53-15 (Rev. 2010). The chancellor's order of denial explained that he had interpreted the statute to provide that it was not mandatory for a party to obtain a security interest in a manufactured home along with a security interest in the land; however, in order to obtain a security interest in the manufactured home, the party would have to follow the statute by describing both the land and the manufactured home in the security instrument. The chancellor reasoned that since the deed of trust failed to contain the legal description of the manufactured home, then the foreclosure sale failed to include the manufactured home; thus, Deutsche Bank could not obtain a certificate of title listing Deutsche Bank as the owner of the manufactured home.
¶ 9. Deutsche Bank now appeals the chancellor's order of denial, arguing that the chancellor erred in his interpretation of section 27-53-15 and in his denial of the motion for a default judgment.
¶ 10. The only brief before this Court on appeal is Deutsche Bank's brief. In the appellant's brief, Deutsche Bank asserts the errors made by the chancellor, but the issue of whether the chancellor's judgment is a properly appealable, final judgment has not been raised. However, this Court must address the issue on its own initiative. M.W.F. v. D.D.F., 926 So.2d 897, 899 (¶ 4) (Miss.2006) (quoting Williams v. Delta Reg'l Med. Ctr., 740 So.2d 284, 285 (¶ 5) (Miss.1999)).
¶ 11. We are compelled to find an order that denies a motion for a default judgment under Mississippi Rule of Civil Procedure 55(b) is not a final, appealable judgment. The comment to Rule 55, citing Mississippi Rule of Civil Procedure 54(a), clearly states: "A judgment entered pursuant to Rule 55(b) may be reviewed on appeal to the same extent as any other judgment; however, an order denying a motion for default judgment is interlocutory and not appealable." Rule 54(a). (Emphasis added). See Adult Film Ass'n of Am., Inc. v. Thetford, 776 F.2d 113, 115 (5th Cir.1985).
¶ 12. The dissent finds that the order denying motion for a default judgment was a final, appealable judgment. Yet the cases cited by the dissent do not stand for this principle. In fact, there are no Mississippi cases where an appellate court considered the trial court's "denial" of a motion for default judgment as an appealable, final judgment. The dissent simply ignores the comment to Rule 55.
*280 ¶ 13. Despite its lack of authority to support its finding, the dissent concludes that "no issues of fact were left remaining after the chancellor issued his denial of the default judgment." The order for a default judgment does not resolve "facts in dispute" or decide the "merits of the plaintiff's claim."
¶ 14. After the chancellor denied the motion for a default judgment, Deutsche Bank had to decide whether to amend the complaint,[1] dismiss the complaint, file a motion for summary judgment, or set the case for trial. If we agree with the dissent and affirm the chancellor's order, this case would not be over. Instead, it would be in the same procedural posture as if it were never appealed.
¶ 15. Deutsche Bank's attempt to appeal the denial of the motion for a default judgment is an interlocutory appeal. Interlocutory appeals are governed by Rule 5 of the Mississippi Rules of Appellate Procedure. To proceed with an appeal from an interlocutory order, the appellant must receive permission from the Mississippi Supreme Court. M.R.A.P. 5. Here, no permission was requested, and none was received. This matter is not within this Court's jurisdiction. Therefore, we dismiss this appeal.
¶ 16. THIS APPEAL IS DISMISSED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
LEE, C.J., BARNES, ROBERTS AND MAXWELL, JJ., CONCUR. CARLTON, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY IRVING, P.J., ISHEE AND RUSSELL, JJ. FAIR, J., NOT PARTICIPATING.
CARLTON, J., dissenting:
¶ 17. I respectfully dissent. The majority opinion raises an issue as to this Court's jurisdiction and states that the denial of a motion for a default judgment is not a final, appealable judgment. The majority ultimately determines that this Court lacks jurisdiction to hear this appeal. I most respectfully disagree with this conclusion. As I find that this appeal is properly before this Court, I must respectfully dissent.
¶ 18. I acknowledge that an appeal "may be taken as a matter of right only after the trial court disposes of all the claims against all defendants." Calvert v. Griggs, 992 So.2d 627, 631 (¶ 10) (Miss. 2008). In this case, Deutsche Bank National Trust Company (Deutsche Bank) filed its complaint in the Harrison County Chancery Court for a declaratory judgment and for mandamus presenting only a question of law defining the respective rights of the parties in accordance with the controlling statute and the language of the deed of trust at issue. More specifically, the question of whether ownership in the manufactured home vested and was, therefore, included in the foreclosure sale under the deed of trust at issue constituted the sole issue raised by the complaint against Wilburn and Barbara Brechtel (collectively, the Brechtels) for declaratory judgment and for mandamus. The chancellor denied the relief requested by Deutsche Bank in denying the motion for a default judgment and finding that under Mississippi Code *281 Annotated section 27-53-15 (Rev. 2010) and the language of the deed of trust failed to grant Deutsche Bank a security interest in the manufactured home. See M.R.C.P. 57(a) & (b).[2]
¶ 19. In the chancellor's order, he denied Deutsche Bank's motion for a default judgment and addressed a question of law and statutory interpretation. In this case, I find that no issues of fact were left remaining after the chancellor issued his denial of the default judgment, which constituted a declaratory judgment adjudicating the respective rights raised by Deutsche Bank's sole claim against the Brechtels. See M.R.C.P. 52; M.R.C.P. 58 ("[A] judgment which fully adjudicates the claim as to all parties and which has been entered as provided in [Mississippi Rule of Civil Procedure] 79(a) shall, in the absence of prejudice to a party, have the force and finality of a judgment even if it is not properly titled."); Miss.Code Ann. § 11-51-3 (Rev. 2002); Clark v. Clark, 43 So.3d 496, 502 (¶ 29) (Miss.Ct.App.2010) (Although appellate courts generally lack jurisdiction to hear appeals from temporary orders, denial of certain motions can constitute final, appealable judgments.); Rigdon v. Miss. Farm Bureau Fed'n, 22 So.3d 321, 324-25 (¶¶ 7-9) (Miss.Ct.App.2009).
¶ 20. As the Mississippi Supreme Court explained in Unknown Heirs at Law of Blair v. Blair, 601 So.2d 848, 851 (Miss. 1992), "[a] default judgment is one entered without regard to the merits of the plaintiff's claim."[3] In Sliman v. Nguyen, 22 So.3d 1173, 1174 (¶ 6) (Miss.2009) (citations omitted), the supreme court reiterated that a judgment adjudicating the merits of the controversy which settles all the issues as to all the parties is a final judgment. Conversely, interlocutory orders adjudicate "fewer than all the claims or the rights and liabilities of fewer than all the parties" and are not appealable. Stringer v. Am. Bankers Ins. Co. of Fla., 969 So.2d 113, 117 (¶ 18) (Miss.Ct.App.2007) (citing Stringer v. Am. Bankers Ins. Co. of Fla., 822 So.2d 1011, 1015 (¶ 12) (Miss.Ct.App. 2002)); M.R.C.P. 54(b). In the present case, the chancellor's order adjudicated the sole issue between the parties of whether the manufactured home on the property constituted part of the real property subject to the foreclosure sale under that deed of trust. The chancellor's determination of this sole issue raised in Deutsche Bank's complaint for declaratory relief left no remaining issues of fact to be determined between the parties. Rule 57(a) provides that a judgment for declaratory relief action may be either affirmative or negative in form or effect and that the existence of another adequate remedy does not preclude a judgment for declaratory relief in actions where it is appropriate. The comment to Rule 57 further explains that the scope of relief requested is limited to the relief requested in the pleadings, and the evidence and the decree can be no broader than the issue tried.
¶ 21. The chancellor issued an order declaring the parties' rights with respect to the language of the deed of trust at issue and the controlling statute. In doing so, the chancellor denied Deutsche Bank *282 the relief it requested in its motion for a default judgment. After denying the relief requested by the complaint for declaratory judgment and subsequent motion for a default judgment, no issues of fact were left to adjudicate.[4] In Allstate Insurance Company v. Green, 794 So.2d 170, 174-75 (¶ 13) (Miss.2001), the supreme court addressed the authority of the court to render default judgments based upon the merits of claims for relief in the pleadings, stating:
In Dynasteel Corp. v. Aztec Indus., Inc., 611 So.2d 977, 984 (Miss.1992), this court noted the well-established rule that "the pleadings must lay a basis for any claim upon which relief can subsequently be granted." See also Thomson v. Wooster, 114 U.S. 104, 108, 5 S.Ct. 788, 29 L.Ed. 105 (1885) (holding default judgment may be lawfully entered only "according to what is proper to be decreed upon the statements of the bill[,] assumed to be true[,]" and not "as of course according to the prayer of the bill"); Nishimatsu Constr. Co. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir.1975) ("There must be a sufficient basis in the pleadings for the judgment entered"). Thus Green can only seek relief supported by the facts, not conclusions, articulated in his complaint, and if those facts do not establish a legal basis for recovery, Green is not entitled to judgment, notwithstanding Allstate's neglect in failing to answer his complaint.
Accordingly, I find that the chancellor's judgment[5] is not interlocutory in nature; therefore, this appeal is properly before the Court. Stringer, 969 So.2d at 117 (¶ 20); See also Rigdon, 22 So.3d at 324-25 (¶¶ 7-9) (A judgment is final and appealable if there is a writing which is the final determination of an action and has the affect of terminating the litigation, signed by the court, and filed and entered by the clerk.).
¶ 22. After finding that this Court does indeed possess jurisdiction over the present case, I now turn to address the merits of Deutsche Bank's assignment of error. Deutsche Bank argues on appeal that the manufactured home became part of the real property once the Brechtels affixed the manufactured home to the land and proceeded to take the necessary steps to have the home certified as real estate by the tax assessor. Deutsche Bank further submits that the language in section 27-53-15 constitutes permissive language; thus, it claims the chancellor erred in interpreting the language of the statute as being mandatory.
¶ 23. In his order denying the request for a default judgment, the chancellor explained that the Brechtels originally executed the deed of trust to Ameriquest Mortgage Securities Inc. (Ameriquest), and then Ameriquest later assigned the deed to Deutsche Bank. The deed of trust contained a legal description of the real property attached to the deed, but the legal description contained no reference to the manufactured home located on the real property. In applying the controlling statute to resolve the issue, the chancellor stated that the use of "may" in the relevant portion of section 27-53-15 means that a security interest in a manufactured home classified as real property may be obtained using the method set forth in the *283 statute.[6] The chancellor also found that a party is not required to obtain a security interest in both the manufactured home and the land, but a security interest in just the land may be obtained by deed of trust. The chancellor further determined that since the deed of trust only included a description of the land, then Deutsche Bank chose not to obtain a security interest in the manufactured home. Instead, Deutsche Bank only obtained a security interest in the land described in the deed of trust.
¶ 24. The chancellor therefore held that ownership of the manufactured home failed to vest in Deutsche Bank as a result of the foreclosure of the property since the deed of trust only included the legal description of the land with no description of the manufactured home. The chancellor then denied the motion for a default judgment. Deutsche Bank's confusion arises in that Mississippi law allows an owner of a manufactured home to classify the home as real property to attain the ad valorum tax benefits,[7] but additional steps are needed to ensure a security interest in the land attached also to the manufactured home.
¶ 25. In my review, I turn to language from section 27-53-15, which sets forth the steps required to classify a manufactured home as real property to attain ad valorum tax benefits as follows:
The manufactured homeowner or mobile homeowner who owns the land on which the manufactured home or mobile home is located shall have the option at the time of registration of declaring whether the manufactured home or mobile home shall be classified as personal or real property. If the manufactured home or mobile home is to be classified as real property, then the wheels and axles must be removed and it must be anchored and blocked in accordance with the rules and procedures promulgated by the Commissioner of Insurance of the State of Mississippi. After the wheels and axles have been removed and the manufactured home or mobile home has been anchored and blocked in accordance with such rules and procedures, the manufactured home or mobile home shall be considered to have been affixed to a permanent foundation. The county tax assessor shall then enter the manufactured home or mobile home on the land rolls and tax it as real property on the land on which it is located from the date of registration. At such time, the county tax assessor shall issue a certificate certifying that the manufactured home or mobile home has been classified as real property.
¶ 26. I now turn to a later provision in that same statute which sets forth the *284 procedure to obtain a security interest in the manufactured home, stating:
Upon the filing of the certificate in the land records, the manufactured home or mobile home shall then be considered real property for purposes of ad valorem taxation. The filing of such a certificate shall not affect the validity or priority of any such existing perfected lien. If a manufactured home or mobile home is classified as real property and no certificate of title was required to be issued or issued for such property pursuant to Chapter 21, Title 63, Mississippi Code of 1972, a security interest may be obtained therein through the use of a mortgage or deed of trust describing both the manufactured home or mobile home and the land on which the manufactured home or mobile home is located.
Miss Code Ann. § 27-53-15.
¶ 27. After reviewing the record and applicable statutes, I find that Deutsche Bank properly acknowledged section 27-53-15 as the controlling statutory authority on how to perfect a security interest or mortgage interest in a manufactured home. However, Deutsche Bank relies on a reading of only a portion of the statute, and it is Deutsche Banks's reading of that portion out of context that has caused its confusion. Deutsche Bank fails to embrace Mississippi law applicable to fixtures such as manufactured homes, as reflected in section 27-53-15. The statute must be read as a whole and read in context, and this Court must apply the plain meaning of the statute. City of Natchez, Miss. v. Sullivan, 612 So.2d 1087, 1089 (Miss.1992). In so doing, I would affirm the chancellor's judgment.
¶ 28. I agree with the chancellor that Deutsche Bank failed to obtain a security interest in the manufactured home through the deed of trust; rather, it obtained only a security interest in the land since the deed of trust failed to include a description of the manufactured home. The plain language of section 27-53-15 sets forth the option of classifying manufactured homes as personal or real property. This statute also specifies the method by which a security interest may be obtained in a manufactured home classified as real property in situations where Chapter 21, Title 63 of the Mississippi Code Annotated required no issuance of certificate of title.
¶ 29. Significant to both my separate opinion and the chancellor's judgment, the method set forth in section 27-53-15 allows a security interest to be obtained in manufactured homes classified as real property "through the use of a mortgage or deed of trust describing both the manufactured home or mobile home and the land on which the manufactured home or mobile home is located." Therefore, the mere classification of a manufactured home as real property for ad valorum tax benefits is insufficient; the additional step of describing the home in the deed of trust or mortgage is required to obtain a security interest. Even though the manufactured home may be currently classified as real property for tax purposes,[8] the manufactured home still retains its status as personal property for chattel financing, and the owner possesses the option to *285 later reclassify the manufactured home as personal property.
¶ 30. A review of case law from other jurisdictions reveals that many states have wrestled with classification of fixtures, such as manufactured homes, that may be classified as real property for taxation purposes but may also retain or regain their status as personal property. For example, in the case of In re Renaud, 302 B.R. 280 (Bankr.E.D.Ark.2003), the United States Bankruptcy Court for the Eastern Division of Arkansas held that the bank's mortgage on real property owned by a Chapter 7 bankruptcy debtor failed to perfect its security interest in the debtor's manufactured home, even though the manufactured home was affixed to the real property. The court based its determination on the language of the Arkansas vehicle titling statute, which required liens on manufactured homes to be filed with the Arkansas Department of Finance and Administration and also required such liens to be reflected on the manufactured home's certificate of title as the exclusive method for perfecting security interest therein.
¶ 31. Indeed, I recognize that conflicts between personal property interests and real property interests in fixtures arise when a real-estate mortgagee claims not only the real estate but also all appurtenances, fixtures, buildings, equipment, and so forth. See 4 White & Summers, Uniform Commercial Code § 33-5 (6th Edition 2010). Under the Uniform Commercial Code, manufactured homes fall into a class of goods that become a part of real property for certain purposes, but as to which chattel financing may also be preserved. UCC § 9-334; see also UCC § 9-334 cmt. 3. Goods cross the line from goods to fixtures when they become so sufficiently related to the real property that they would pass in a deed under local real-estate law. 35 Am.Jur.2d Fixtures § 1 (1967). However, I recognize that property passing by deed in one state may not be sufficiently related to the realty to pass through a deed in another state. Thus, I must follow Mississippi's statute defining how to attach a security interest by deed of trust to a manufactured home classified as real property.
¶ 32. In this case, I find that the chancellor correctly found that this statute set forth the method to obtain a security interest in a manufactured home in a mortgage or deed of trust, and I similarly find that the statute requires that the deed or trust or mortgage must contain a description of the manufactured home in a order to obtain a security interest in both the realty and the home.
¶ 33. Based upon the foregoing, I must respectfully dissent from the majority's opinion. After finding that this Court indeed possesses jurisdiction to hear the present case, I would affirm the chancellor's determination that ownership of the manufactured home failed to pass to Deutsche Bank in the foreclosure of the property listed in the deed of trust.
IRVING, P.J., ISHEE AND RUSSELL, JJ., JOIN THIS OPINION.
NOTES
[1] Based on the information before this Court, it appears that Deutsche Bank may decide to amend its complaint, under Mississippi Rule of Civil Procedure 15, and allege a claim of mutual mistake. Deutsche Bank could assert that the parties intended to include the manufactured home in its deed of trust and then proceed with another foreclosure proceeding. Thereafter, there would be no reason the MTC could not then be directed to deliver the certificate of title or cancel the security interest.
[2] Mississippi Rule of Civil Procedure 57(b) provides: "Any person interested under a deed, will, written contract, or other writings constituting a contract, or whose rights, status, or other legal relations are affected by a statute, municipal ordinance, contract or franchise, may have determined any question of construction or validity arising under the instrument, statute, ordinance, contract, or franchise, and obtain a declaration of rights, status or other legal relations thereunder."
[3] I acknowledge that default judgments are not favored by the law. See Am. States Ins. Co. v. Rogillio, 10 So.3d 463, 467 (¶ 8) (Miss. 2009).
[4] Compare Williams v. Bud Wilson's Mobile Home Serv., 887 So.2d 830, 832 (¶¶ 5-6) (Miss.Ct.App.2004) (Where there is nothing left in a Mississippi trial court and a Mississippi appellate court constitutes the only court left that can provide relief as to a question of law, the dismissal was a final judgment.).
[5] See M.R.C.P. 58.
[6] The method set forth in section 27-53-15 allows a security interest to be obtained in a manufactured home by a deed of trust describing the manufactured home in the security instrument, the deed of trust, or the mortgage.
[7] To attain classification as real property for ad valorem tax status, Mississippi Code Annotated section 27-13-53 sets forth requirements that must be met in order to consider the manufactured home affixed to a permanent foundation and thus classified as real property, i.e., the wheels and axles must be removed and the home anchored and blocked in accordance with rules set forth by Mississippi's Commissioner of Insurance. Section 27-53-15 further provides that a certificate from the tax assessor certifying the manufactured home as real property shall be filed in the land records of the county where the property is located. The statute states: "Upon the filing of the certificate in the land records, the manufactured home or mobile home shall then be considered real property for purposes of ad valorem taxation." However, such certificate shall not affect the priority of any existing perfected lien.
[8] Indeed, section 27-53-15 allows the owner of the manufactured home, who owns the land where the home is located, the option at registration to declare whether the manufactured home shall be classified as real or personal property for ad valorum tax purposes. This classification pertains to the ad valorem tax status of the manufactured or mobile home, not to a security interest.