SOUTHWICK, P.J.,
for the Court.
¶ 1. Claude Williams’ suit against Bud Wilson’s Mobile Home Service was dismissed by the Circuit Court of Harrison County for lack of personal jurisdiction over the defendant. We affirm.
¶ 2. Claude Williams, an Alabama resident, was involved in a motor vehicle accident in August 1999, near Theodore, Alabama. Williams’ vehicle was hit by a truck owned by a mobile home moving service. Prior to bringing suit, Williams attempted to identify the company responsible for the accident. The Alabama Secretary of State’s office did not reveal a listing for the company that Williams believed owned the other vehicle, which was either “Bud Wilson’s Mobile Homes” or “Bud’s Mobile Homes.” Williams states that he then contacted the Alabama telephone number provided on the accident report. He claims that he was informed by a person answering the telephone that the Alabama company, Bud Wilson’s Mobile Home Services, was affiliated with Bud’s Mobile Home Services in Harrison County, Mississippi. On August 7, 2001, Williams brought suit, in Harrison County against Bud’s Mobile Home Services, a Mississippi corporation, and Deerbrook Insurance Company, an Alabama corporation.
¶ 3. After the suit was filed, Williams discovered that the Mississippi corporation was not the correct party and had no affiliation with the company in Alabama that had been involved in the accident. On December 3, 2001, Williams amended his complaint and named the proper party, Bud Wilson’s Mobile Home Services, an Alabama sole proprietorship. That mobile home service responded by filing a motion to dismiss for lack of personal jurisdiction. The trial court granted the motion. By agreement, the suit against the remaining party, the insurance company, was transferred to an Alabama court. Williams appeals here the dismissal of Wilson.
DISCUSSION

1. Appellate jurisdiction.

*832 ¶ 4. The first, unasked question is whether this is a proper appeal. In the order transferring the case to Alabama, the Mississippi court ruled that its previous orders would be appealable. Williams exercised that purported right, but was it one the trial court could give?
¶ 5. When all the issues in a case or claims against all the parties are not resolved in a judgment, no appeal of right can be taken. However, a certification may be made by the trial judge that no reason exists for delay in appealing the matters that have been resolved. M.R.C.P. 54(b). This appeal is different. A final dismissal of one party occurred, but the remainder of the case against another party no longer exists in a Mississippi court. Such procedural facts are not the kind that are usually the focus of a certification about the propriety of an appeal from a partial judgment.
¶ 6. There is nothing left in a Mississippi trial court. A Mississippi appellate court is the only court that can give relief if in fact the dismissal was improper. We conclude that the judgment insofar as the Mississippi proceedings are concerned was final and appealable.

% Personal Jurisdiction

¶ 7. Williams claims that Bud Wilson’s Mobile Home Services should not have been dismissed for lack of personal jurisdiction. Williams relies upon this statute:
Any nonresident person, firm, general or limited partnership, or any foreign or other corporation not qualified under the Constitution and laws of this state as to doing business herein, who shall make a contract with a resident of this state to be performed in whole or in part by any party in this state, or who shall commit a tort in whole or in part in this state against a resident or nonresident of this state, or who shall do any business or perform any character of work or service in this state, shall by such act or acts be deemed to be doing business in Mississippi and shall thereby be subjected to the jurisdiction of the courts of this state.
Miss.Code Ann. § 13-3-57 (Rev.2002).
¶ 8. Williams readily admits that personal jurisdiction over Bud Wilson’s Mobile Home Services is not the result either of a contract with a Mississippi resident or of a tort committed in this state. Williams claims that personal jurisdiction exists under the “doing business” provision of the statute. The argument is that Bud Wilson’s Mobile Home Services availed itself of the benefits of the State of Mississippi by virtue of its license to engage in intrastate commerce from the Mississippi Public Service Commission. Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985).
¶ 9. The issue under of whether Bud Wilson’s Mobile Home Services was “doing business” in Mississippi is determined by examining the following factors: (1) the nonresident corporation must purposefully do some act or consummate a transaction in Mississippi; (2) the cause of action must either arise from or be connected with the act or transaction; and (3) the assumption of jurisdiction by Mississippi must not offend traditional notions of fair play and substantial justice. Gross v. Chevrolet Country, Inc., 655 So.2d 873, 877 (Miss.1995).
¶ 10. Bud Wilson’s Mobile Home Services apparently has conducted some business in Mississippi. However, the litigation over an Alabama accident is not in any manner connected to the Mississippi transactions. It must also -be proven that Bud Wilson’s Mobile Home Services had sufficient minimum contacts with the state such that requiring them to litigate in Mississip *833 pi does not “offend traditional notions of fair play and substantial justice.” Int’l Shoe Co. v. State of Wash., Office of Unemployment Compensation and Placement, 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945). This final consideration requires somewhat greater discussion.
¶ 11. Because this litigation does not arise from any actions by Bud Wilson’s Mobile Home Services purposefully directed at Mississippi, the company’s contacts with the state must be of a systematic and continuous nature. Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 415-16, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984). There is no evidence that Bud Wilson’s Mobile Home Services has continuous contacts with Mississippi. For example, during the year 1999, the company performed two hundred forty-seven moves. Of these, only fifteen began or ended in Mississippi and each was an isolated, independent transaction initiated by a customer who was either moving to or from Mississippi.
¶ 12. The trial court found that Bud Wilson’s contacts with Mississippi were not “systematic and continuous” and therefore, the exercise of personal jurisdiction by Mississippi would violate the process that it was due. We affirm.
¶ 13. THE JUDGMENT OF THE CIRCUIT COURT OF HARRISON COUNTY IS AFFIRMED. ALL COSTS ARE ASSESSED TO THE APPELLANT.
KING, C.J., BRIDGES, P.J., LEE, IRVING, MYERS, CHANDLER AND GRIFFIS, JJ., CONCUR.