ROBERTS, J.,
for the Court:
¶ 1. Mississippi Code Annotated section 93-13-281 (Miss.2004) requires that “two adult kin within the third degree” shall be joined and properly noticed in any action to establish a guardianship. A guardianship was established for Frank Lewis by order of the Chancery Court of Newton County, but there is no evidence in the record that two of his adult kin were given notice of the hearing or present. Therefore, we must reverse the chancellor’s establishment of a guardianship. However, we stay the effects of our reversal and remand this case to the chancery court for further proceedings.
FACTS AND PROCEDURAL HISTORY
¶ 2. On April 17, 2009, James L. Nelson filed a petition with the Chancery Court of Newton County seeking to establish a con- *315 servatorship for Lewis. The petition averred that Lewis needed a conservator because of his physical and mental weakness. The petition further suggested that removal of Lewis’s assets at Newton County Bank had been attempted by unidentified individuals presenting a “purported power of attorney.” Finally, Nelson requested Newton County Bank be enjoined from disbursing Lewis’s funds pending the issuance of a court order. Newton County Bank subsequently filed a complaint for interpleader in the pending conservator-ship action in which it requested the court determine the final disposition of Lewis’s funds as it claimed “there is a dispute among [Lewis], [Nelson], and Franklin D. Lewis, Virginia Lewis, and Terry Campbell as to the disposition of said funds though a Power of Attorney executed by [Lewis] to Franklin D. Lewis, Virginia Lewis[,] and Terry Campbell dated April 14, 2009.” Lewis’s assets at Newton County Bank consisted of several certificates of deposit, some of which were jointly held with Nelson.
¶ 3. A hearing was held on the petition on May 7, 2009. But no transcript of the hearing was made. Nevertheless, an agreed judgment was subsequently entered. The chancellor found that: Nelson was present with his attorney; an attorney for Newton County Bank was present; and Lewis was present with his attorney, Constance Slaughter-Harvey. All three attorneys signed the agreed judgment on behalf of their clients. He further found that Lewis had joined in the request that someone be appointed to manage his affairs. However, the chancellor found that a guardianship should be established, rather than a conservatorship, because Lewis had previously suffered from a stroke, was wheelchair bound, and needed regular kidney dialysis. The chancellor then appointed Lewis’s attorney, Slaughter-Harvey, as guardian of his estate; appointed Lewis’s son, Franklin D. Lewis, as guardian of his person; and set aside any powers of attorney previously executed. The chancellor further authorized Slaughter-Harvey to change ownership of the certificates of deposit to the guardianship. The chancellor also ordered that Nelson’s attorney be paid $675 and reimbursed for expenses in the amount of $190. He further ordered that Slaughter-Harvey be paid $2,000.
¶ 4. Subsequent to the establishment of the guardianship, Lewis employed another attorney to effectuate an appeal of the chancellor’s May 7, 2009, order. Notice of appeal was filed on June 4, 2009. On June 24, 2009, Slaughter-Harvey filed a motion to withdraw as guardian in which she recounted certain events that had transpired after the establishment of the guardianship. She stated that once she was appointed as Lewis’s guardian, she dutifully filled that role and attended to Lewis’s needs. Slaughter-Harvey described certain situations during which Lewis seemed to accept and welcome the fact that he was under a guardianship, and she described others, when family members were involved, where his attitude changed. Nevertheless, Slaughter-Harvey received a letter from Lewis on June 9, 2009, advising that he was terminating her employment as his attorney. The record is silent as to the disposition of Slaughter-Harvey’s motion to withdraw.
¶ 5. On appeal, Lewis raises the following four issues, which we quote verbatim:
I. Whether service of process is required under Rule 4 or Rule 81 of the Mississippi Rules of Civil Procedure;
II. Whether the chancellor erred in the establishment of the conservator-ship in light of the requirement of filing of the certificates from two practicing physicians was not met;
*316 III. Whether service of process is required under Rule 4 or Rule 81 of the Mississippi Rules of Civil Procedure for a complaint for inter-pleader; and,
IV. Whether counsel for [the] appellant in the chancery court action acted properly by accepting appointment as conservator when she was hired by the appellant to prevent the establishment of the conservator-ship.
¶ 6. Although they are not named parties to this appeal, both Slaughter-Harvey and Newton County Bank filed briefs on their behalf. After considering the issues at hand, we reverse the chancellor’s establishment of a guardianship and remand this case for another hearing on the matter.
DISCUSSION
A. Slaughter-Harvey’s Arguments for Dismissal
¶ 7. We must initially begin by examin-. ing two arguments for dismissal of Lewis’s appeal raised by Slaughter-Harvey.
I. Appellant Lacks Standing
¶ 8. She argues that Lewis lacks standing to appeal because as a result of her appointment as his guardian, Lewis no longer has the ability to bring a suit or appeal on his own behalf. Slaughter-Harvey argues that Lewis was required to secure a stay of the chancellor’s order, and because no such stay was requested or granted, she is the only authorized individual to sue or appeal on Lewis’s behalf.[1]
¶ 9. While it is true that a ward is typically represented in court by their guardian or conservator, it is appropriate, in certain situations, to allow a ward to proceed under his own name. As the supreme court has stated:
The fact that an elderly individual needs a conservator to handle his business affairs in order to protect him against those persons who would, by undue influence and trickery, deprive him of his property, does not necessarily mean that such person cannot be mentally aware of things, or that he has lost his reasoning processes. If the ward has no standing before the court and is unable to enlist the services of an attorney to help him, he may as well be cast as a prey to the wolves, whatever may be their shape or form. The courts must not permit or condone such an unconscionable injustice.[2]
While the facts and allegations were more egregious in Anthony, we find that the supreme court’s reasoning lends itself just as well to this case. Here, Lewis alleges that his attorney and subsequent guardian did not protect his interests at the hearing and that the guardianship should have never been established. Under such circumstances we will not prohibit an individual, whether a ward or not, from attempting to protect himself.
II. Appellant Did Not Present the Issues Raised to the Trial Court
¶ 10. Slaughter-Harvey next argues that Lewis is prohibited from raising his issues on appeal because he did not first present them to the chancellor. It is generally true that an appellate court will not entertain issues that have not been presented first to the trial court.[3] Howev *317 er, as will be discussed below, the deciding issue in this case is jurisdictional in nature. Jurisdictional issues may be raised for the first time on appeal.[4] Therefore, Slaughter-Harvey’s arguments for dismissal of Lewis’s appeal are without merit.
B. Appellant’s Issues on Appeal
I. Whether service of process is required under Rule 4 or Rule 81 of the Mississippi Rules of Civil Procedure.
III. Whether service of process is required under Rule 4 or Rule 81 of the Mississippi Rules of Civil Procedure for a complaint for inter-pleader.
 ¶ 11. Under both Issues I and III, Lewis argues that service of process was never accomplished on him for either the petition for conservatorship or complaint for interpleader. As such, Lewis states that the chancellor erred in entering a final judgment on the matter as, we assume Lewis argues, the chancery court lacked jurisdiction over him. However, “[a] voluntary appearance is an ‘overt act by which, or as a result of which, a person against whom a suit has been commenced submits himself of the jurisdiction of the court in the particular suit.’ ”[5] Although there is no transcript of the hearing, it is clear from the chancellor’s order that Lewis was present at the hearing with his retained attorney. Therefore, there is no merit to Lewis’s assertions that the chancery court did not have jurisdiction over him. But that does not end our inquiry.
¶ 12. As stated above, while a con-servatorship was initially requested by Nelson, the chancellor, after observing and speaking with Lewis, determined that a guardianship would be more appropriate. The supreme court has stated that the operation of a conservatorship and guardianship are largely the same except for the “necessity of an incompetency determination of the existence of a legal disability for [the] initiation” of a guardianship.[6] In Lewis’s case, although the chancellor did not note the code section under which he was establishing the guardianship, we reasonably may assume that Lewis’s guardianship was established under Mississippi Code Annotated section 98-13-121 (Rev. 2004).
¶ 13. Section 93-13-121 allows for the appointment of a guardian when the chancellor is satisfied “that the applicant is incompetent to manage his or her estate.” But the petition for appointment of a guardian under section 93-13-121 must abide by the provisions of section 93-13-281.[7] Section 93-13-281 generally provides that “[i]n all proceedings involving a ward ... the proceedings shall join as defendants ... two of his adult kin within the third degree.... When such petition shall be filed, the clerk shall issue process ....”[8] Under Issue I, Lewis argues that this was not accomplished, and as such, the chancellor’s order should be vacated.
¶ 14. Although Nelson did list two adult relatives within the third degree in his *318 petition, the record neither contains any evidence that they were given notice of the pendent hearing nor that they were present at the May 7, 2009, hearing. In In re Allen, we held that “[a] ward’s property can be validly disposed of only in conformity with [the] statutory provisions” of section 93-13-281.[9] Similarly so, a guardianship under section 93-13-121 can only be established by following the statutory provisions of section 93-13-281 — namely, two adult relatives within the third degree of the ward must be joined in the action and properly noticed. Failure to comply with the notice requirement of section 93-13-281, without otherwise curing the defect, mandates that the chancellor’s establishment of the guardianship be reversed.
¶ 15. Notwithstanding our decision, we realize that the purpose of guardianships and conservatorships is to provide an amount of protection to an individual who is, for a variety of reasons, unable fully to protect himself. With that in mind, we note that the chancellor was, according to the agreed order, able to observe and personally converse with Lewis. The chancellor’s sua sponte conversion of Nelson’s petition for a conservatorship to one requesting a guardianship, and the chancellor’s subsequent establishment of a guardianship, necessitates a finding that Lewis was “under a legal disability or [was] adjudged incompetent.”[10] Therefore, we stay the effects of our reversal and remand this case to the Chancery Court of Newton County so that the statutory defects can be cured and another hearing conducted to determine if Lewis is in need of a guardian.
¶ 16. Given our resolution of Issue I, the remaining issues are moot.
¶ 17. THE JUDGMENT OF THE CHANCERY COURT OF NEWTON COUNTY IS REVERSED, AND THIS CASE IS REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE GUARDIANSHIP.
LEE AND MYERS, P.JJ., IRVING, GRIFFIS, ISHEE, CARLTON AND MAXWELL, JJ., CONCUR. KING, C.J., AND BARNES, J., NOT PARTICIPATING.

. See M.R.A.P. 8(b)(1).

. Anthony v. Nat’l Bank of Commerce, 468 So.2d 41, 44 (Miss.1985).

.Wheat v. Wheat, 37 So.3d 632, 639-40 (¶ 24) (Miss.2010).

. Norwood v. Extension of Boundaries of City of Itta Bena, 788 So.2d 747, 751 (¶ 12) (Miss.2001).

. In re Conservatorship of Brantley, 865 So.2d 1126, 1133 (¶ 23) (Miss.2004) (quoting McCoy v. Watson, 154 Miss. 307, 122 So. 368, 369 (1929)).

. U.S. Fid. & Guar. Co. v. Conservatorship of Melson, 809 So.2d 647, 651 (¶ 15) (Miss.2002) (quoting Harvey v. Meador, 459 So.2d 288, 292 (Miss.1984)).

. Miss.Code Ann. § 93-13-121.

. Miss.Code Ann. § 93-13-281.

. In re Allen v. Allen, 962 So.2d 737, 742 (¶ 19) (Miss.Ct.App.2007) (citing Thompson Funeral Home v. Thompson, 249 Miss. 472, 162 So.2d 874, 876 (1964)).

. Conservatorship of Melson, 809 So.2d at 651 (¶ 15).