ISHEE, J.,
for the Court:
¶ 1. On June 24, 2004, thirteen-year-old Brandon Wilson (Brandon) was injured in a swimming pool at a Hampton Inn Hotel (the Hotel) located in New Orleans, Louisiana. The Hotel was managed by defendant, Highpointe Hospitality (Highpointe), the president of which was Darryl La-Pointe (LaPointe). Highpointe is a Florida corporation authorized to do business in Louisiana, and LaPointe is a Florida resident. In October 2007, Brandon’s father, Barney Wilson (Wilson), filed suit on Brandon’s behalf in the Circuit Court of Warren County, Mississippi, naming High-pointe and LaPointe, among others, as defendants. Thereafter, Highpointe and La-Pointe filed a motion to dismiss for lack of personal jurisdiction. The circuit court granted the motion, and in December 2009, a final judgment was entered dismissing the case. Aggrieved, Wilson now appeals. Finding no error, we affirm.
FACTS AND PROCEDURAL HISTORY
¶ 2. In 2004, Brandon attended a church field trip to New Orleans, Louisiana, where he stayed at the Hotel. The Hotel was managed by Highpointe, a company that was incorporated in Florida and had its principal place of business in Florida. Highpointe was not licensed to do business in Mississippi. The president of High-pointe was LaPointe, who is a Florida resident. Neither defendant engaged in advertising or marketing for the Hotel. However, national, general advertising of the Hampton Inn Hotel franchise was conducted by the Hotel’s parent corporation, Hilton Hotel Corporation, mainly through the Internet.
¶ 3. On June 24, 2004, while staying at the Hotel on a church field trip, Brandon dove into the Hotel’s swimming pool and was injured. Brandon’s father, Wilson, sued on Brandon’s behalf in circuit court, alleging negligence and deceptive advertising. In addition to naming Highpointe and LaPointe in the suit, Wilson also named Crescent City Lodging, Inc., Hilton Hotel Corporation, and Charles Harris as defendants. Crescent City Lodging, Inc. is no longer in business due to extensive damage by Hurricane Katrina. Hilton Hotels Corporation settled with Wilson. Harris never made an appearance in the case, and the record does not reflect whether Wilson ever sought further relief from him.
¶ 4. On August 28, 2008, Highpointe and LaPointe filed a motion to dismiss for lack of personal jurisdiction. The motion was granted in November 2008, and a final *1001 judgment was entered in December 2009 dismissing all of Wilson’s claims. Wilson now appeals the circuit court’s ruling on the motion to dismiss. Finding no error, we affirm.
DISCUSSION
¶ 5. The standard of review is de novo for analyzing a trial court’s grant or denial of a motion to dismiss. Smith v. City of Saltillo, 44 So.Sd 438, 439 (¶ 5) (Miss.Ct.App.2010) (citing Spencer v. State, 880 So.2d 1044, 1045 (¶ 6) (Miss.2004)). The following two-prong test exists to determine if a Mississippi court may exercise jurisdiction over a non-resident defendant: (1) whether a defendant is amenable to suit in Mississippi by virtue of the state’s long-arm statute, Mississippi Code Annotated section 13-3-57 (Rev. 2002); and, if so, (2) whether a defendant is “amenable to suit ... consistent with due process.” McDaniel v. Ritter, 556 So.2d 303, 308 n. 4 (Miss.1989) (citation omitted).
¶ 6. Mississippi’s long-arm statute provides, in pertinent part, the following:
Any nonresident person, firm, general or limited partnership, or any foreign or other corporation not qualified under the Constitution and laws of this state as to doing business herein, who shall make a contract with a resident of this state to be performed in whole or in part by any party in this state, or who shall commit a tort in whole or in part in this state against a resident or nonresident of this state, or who shall do any business or perform any character of work or service in this state, shall by such act or acts be deemed to be doing business in Mississippi and shall thereby be subjected to the jurisdiction of the courts of this state.
Miss.Code Ann. § 13-3-57. As such, in order for a Mississippi court to establish personal jurisdiction over a defendant, the plaintiff must show that the defendant falls within the “contract,” “tort,” or the “doing business” prong of the long-arm statute. Id. To be considered as “doing business,” the defendant must meet the following requirements: “(1) the nonresident corporation must purposefully do some act or consummate a transaction in Mississippi; (2) the cause of action must either arise from or be connected with the act or transaction; and (3) the assumption of jurisdiction by Mississippi must not offend traditional notions of fair play and substantial justice.” Williams v. Bud Wilson’s Mobile Home Serv., 887 So.2d 830, 832 (¶ 9) (Miss.Ct.App.2004) (citing Gross v. Chevrolet Country, Inc., 655 So.2d 873, 877 (Miss.1995)).
¶ 7. In this case, Highpointe and La-Pointe did not enter into a contract with a Mississippi resident to be performed in any way, shape, or form in Mississippi. Nor did Highpointe and LaPointe commit a tort in Mississippi. Any injury or damages to Wilson would have occurred in Louisiana.
¶8. Regardless, Wilson claims personal jurisdiction attaches in that Highpointe and LaPointe were “doing business” in Mississippi due to the advertising which was conducted by Hilton Hotels Corporation on behalf of its franchise, Hampton Inn Hotels. However, Wilson’s argument fails the “ ‘doing business’ in Mississippi” test discussed above.
¶ 9. The record reflects that Highpointe and LaPointe did not purposefully do any act or consummate any transaction in Mississippi. While Wilson asserts that the advertising in question constitutes “doing business” in Mississippi, neither High-pointe nor LaPointe were involved in the advertising. The advertising was planned *1002 and executed solely by Hilton Hotels Corporation as part of a national, generalized advertising plan.
¶ 10. The record further reflects that neither Highpointe nor LaPointe do business in Mississippi; neither have any connection to Mississippi; and they have not received any benefits or protections from Mississippi. Additionally, the church sponsoring the field trip during which Brandon was injured, initiated the phone call to the Hotel in order to solicit information from the Hotel. Accordingly, it is clear that neither Highpointe nor LaPointe has purposefully availed itself to the State of Mississippi.
¶ 11. Finally, even assuming arguendo that Highpointe and LaPointe were to fall within Mississippi’s long-arm statute, an exercise of personal jurisdiction over either Highpointe or LaPointe would be inconsistent with due process. Since High-pointe and LaPointe clearly do not have sufficient minimum contacts with Mississippi, an attempt to exercise jurisdiction would fail to satisfy the due-process notions of “fair play and substantial justice.” Int'l Shoe Co. v. State of Washington, 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945).
¶ 12. As stated by the United States Supreme Court, a trial court must be satisfied by the plaintiffs showing that the defendant did “some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum state.” Hanson v. Denckla, 357 U.S. 235, 253, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958). Additionally, the defendant’s “conduct and connection with the forum State [must be] such that he should reasonably anticipate being haled into court there.” World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980).
¶ 13. Here, neither Highpointe nor La-Pointe had any contacts with Mississippi whatsoever, and neither had reason to anticipate being a party to litigation here. Accordingly, because we find that no personal jurisdiction exists over Highpointe and LaPointe, we affirm the ruling of the Warren County Circuit Court granting the motion to dismiss Wilson’s ease.
¶ 14. THE JUDGMENT OF THE WARREN COUNTY CIRCUIT COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., MYERS, BARNES, ROBERTS AND CARLTON, JJ., CONCUR. MAXWELL, J., NOT PARTICIPATING.