## IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

### NO. 2019-CA-01140-COA

IN THE MATTER OF THE                                                          APPELLANT
CONSERVATORSHIP OF JOHNNIE E. WALLS,
JR.: DOROTHY WALLS

v.

ELIZABETH WALLS AND ANIKA WALLS                              APPELLEES

| | |
|---|---|
| DATE OF JUDGMENT: | 06/03/2019 |
| TRIAL JUDGE: | HON. JANACE H. GOREE |
| COURT FROM WHICH APPEALED: | WASHINGTON COUNTY CHANCERY COURT |
| ATTORNEY FOR APPELLANT: | ALSEE McDANIEL |
| ATTORNEYS FOR APPELLEES: | JOEL J. HENDERSON |
| | GAIL P. THOMPSON |
| NATURE OF THE CASE: | CIVIL - WILLS, TRUSTS, AND ESTATES |
| DISPOSITION: | AFFIRMED - 06/01/2021 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

### BEFORE BARNES, C.J., GREENLEE AND WESTBROOKS, JJ.

### GREENLEE, J., FOR THE COURT:

¶1.     Dorothy Walls filed a petition in the Washington County Chancery Court seeking to be appointed conservator over the person and estate of her husband, Johnnie E. Walls Jr. Dorothy filed the petition as a result of her husband's various medical conditions. Anika Walls, Johnnie's daughter, opposed the petition. The court appointed Dorothy as temporary conservator until the court could conduct a hearing on the matter.

¶2.     Subsequently, Elizabeth Walls-Webb, Johnnie's sister, filed a petition seeking to be appointed temporary conservator. On November 30, 2018, the court removed Dorothy from

her temporary appointment for failing to comply with a court order and appointed Elizabeth as temporary conservator. At the time of Elizabeth's temporary appointment, she was under indictment in the DeSoto County Circuit Court for exploitation of Johnnie. However, the indictment against Elizabeth was nolle prosequied, and she was eventually appointed Johnnie's permanent conservator. Dorothy appeals and argues that because a conflict existed between Elizabeth and Johnnie, the chancery court erred by appointing her as temporary and permanent conservator without considering Johnnie's and his estate's best interests. Finding no error, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶3.     On May 25, 2017, Dorothy petitioned the chancery court to appoint her as Johnnie's conservator. Dr. Amith Patel, Johnnie's primary care physician, confirmed that Johnnie was unable to attend to his own needs. According to Dr. Patel, Johnnie suffered from various medical conditions, including Alzheimer's disease, major depression, chronic kidney disease, and severe high blood pressure. She also informed the court of Johnnie's history of strokes, ventricular disease, anemia, and hyperthyroidism. Anika, Johnnie's daughter, filed affirmative defenses to Dorothy's petition on June 16, 2017. In early August, Dorothy filed a motion for temporary relief, and Anika responded on August 16, 2017. The next day, the court heard Dorothy's motion for temporary relief and entered an order appointing her temporary conservator of Johnnie's person and estate pending a final hearing. The court ordered Dorothy to prepare and submit an itemized statement of Johnnie's monthly expenses. Dorothy was also required to allow visitation by Anika.

¶4.    Subsequently, Johnnie's sister, Elizabeth, petitioned the court to appoint her as Johnnie's conservator. At the time of her request, Elizabeth was under indictment in the DeSoto County Circuit Court. She was accused of improperly using $10,000 of Johnnie's funds and was charged with exploiting a vulnerable adult. Anika initially filed the complaint that led to Elizabeth's indictment. Anika explained that she was only trying to figure out what transpired with her father's finances in 2016 when he lived with Elizabeth. However, during his stay with Elizabeth, Johnnie was neither incapacitated nor under the care of another.

¶5.    In April 2018, Anika filed a motion to remove Dorothy as Johnnie's temporary conservator. Although the motion was never heard, the court issued a show-cause order on November 15, 2018, and appointed a guardian ad litem (GAL), Michael Bonner. Dorothy failed to appear at the show-cause hearing, explaining that Johnnie had a kidney-dialysis appointment. Five days later, on November 20, 2018, the court removed Dorothy as Johnnie's temporary conservator and appointed Elizabeth. Dorothy filed a motion for reconsideration. The motion was heard on November 26, 2018.  The court found that Dorothy had been in contempt of court for fifteen months. Ultimately, the court denied the motion for reconsideration, and Elizabeth remained as Johnnie's temporary conservator.

¶6.    Subsequently, Anika withdrew her initial request to be her father's conservator and endorsed Elizabeth as conservator. On April 9, 2019, the court held the final hearing in this matter and determined that Dorothy was still in contempt of court. Dorothy had failed to submit the proper accounting documents requested by the court, failed to allow the Washington County Sheriff's Department access to Johnnie, and only seldomly allowed

interaction between Johnnie and his other siblings. Since Dorothy was in contempt of court, the court held that Dorothy lacked standing to request to be Johnnie's conservator.

¶7.     On April 17, 2019, the GAL completed his investigation and submitted his report to the court favoring Elizabeth as Johnnie's conservator. He informed the court that Elizabeth's indictment had been nolle prosequied. Based on his interviews, the GAL found that Johnnie was comfortable living with Elizabeth, and all of his needs, both socially and physically, were met. In regard to Dorothy, the GAL reported that her responses to the court were lacking and inadequate. After considering all evidence presented, including the GAL's report and recommendation, the court appointed Elizabeth as Johnnie's permanent conservator.

¶8.     Aggrieved by the chancery court's ruling, Dorothy appeals, arguing that because Elizabeth had been accused of and indicted for exploitation of Johnnie, the chancery court erred by appointing her as temporary and permanent conservator without considering Johnnie's and his estate's best interests.

## STANDARD OF REVIEW

¶9.     "This Court has a limited standard of review in examining and considering the decisions of a chancellor." *Ravenstein v. Ravenstein*, 167 So. 3d 210, 215 (¶8) (Miss. 2014). If supported by substantial evidence, a chancellor's factual findings will not be disturbed unless "the chancellor abused [her] discretion, was manifestly wrong, clearly erroneous, or applied an erroneous legal standard." *Varnell v. Rogers*, 198 So. 3d 1278, 1280 (¶7) (Miss. Ct. App. 2016).

## DISCUSSION

## I. Whether the chancery court erred by appointing Elizabeth as conservator.

¶10. Under Mississippi Code Annotated section 93-13-251 (Rev. 2013), the former conservatorship statute,[1] a chancellor is allowed to appoint a conservator over the estate and the person of one who "is incapable of managing his own estate by reason of advanced age, physical incapacity[,] or mental weakness . . . ." *Salter v. Johnston*, 98 So. 3d 1130, 1132 (¶10) (Miss. Ct. App. 2012). "A conservator stands in the position of a trustee and owes a fiduciary duty of loyalty to the ward." *Ravenstein*, 167 So. 3d at 222 (¶25) (citing *Bryan v. Holzer*, 589 So. 2d 648, 657 (Miss. 1991)). Specifically, a conservator has the "same duties, powers[,] and responsibilities as a guardian of a minor, and all laws relative to the guardianship of a minor shall be applicable to a conservator." Miss. Code Ann. § 93-13-259.

¶11. Dorothy argues that Elizabeth's indictment for allegedly misusing Johnnie's funds constituted a conflicting interest, and therefore she was disqualified from serving as Johnnie's conservator.

¶12. In Mississippi, "[i]f a trustee has a conflict of interest, 'he has a duty to refuse the trust, resign, or remove the conflicting personal interest.'" *Smith v. Holmes*, 921 So. 2d 283, 287 (¶10) (Miss. 2005) (quoting *Estate of Bodman v. Bodman*, 674 So. 2d 1245, 1249 (Miss. 1996)); *see also Jackson v. Jackson*, 732 So. 2d 916, 921 (¶7) (Miss. 1999) (applying the same duty to a conservator).

¶13. When Elizabeth filed her petition seeking appointment as Johnnie's conservator, she

---

[1] Mississippi Code Annotated sections 93-13-251 to -267 (Rev. 2013), repealed effective January 1, 2020, were in effect at the time of proceedings.

was under indictment for allegedly exploiting Johnnie. While Anika filed the complaint that led to Elizabeth's indictment, she explained that she filed the complaint out of concern for her father's finances during the time he was living with Elizabeth in 2016. There was no evidence presented that showed that Elizabeth misused or took advantage of Johnnie or his finances in 2016. Elizabeth explained that Johnnie had given her the money to pay her back for a loan she had taken out for him to prevent foreclosure on a piece of family property. Additionally, at the time of the alleged conflict, Johnnie was not incapacitated or under any conservatorship. Although Anika could not get the charges dismissed, she withdrew her complaint, and on April 9, 2019, the indictment against Elizabeth was nolle prosequied.

¶14. Since any conflict between Elizabeth and Johnnie was removed, the chancellor was well within her discretion to appoint Elizabeth as Johnnie's conservator. This issue is without merit.

## II. Whether the chancery court failed to consider Johnnie's welfare and best interest.

¶15. Dorothy argues that the chancellor erred by appointing Elizabeth as Johnnie's conservator. She contends that the chancellor committed manifest error or, in the alternative, abused her discretion.

¶16. "[T]he purpose of guardianships and conservatorships is to provide an amount of protection to an individual who is, for a variety of reasons, unable fully to protect himself." *In re Guardianship of Estate of Lewis*, 45 So. 3d 313, 318 (¶15) (Miss. Ct. App. 2010). Therefore, "chancery courts generally are given wide discretion to 'take all necessary steps to conserve and protect the best interest of these wards of the court' in determining the

6

appropriate person to be appointed as a conservator." *Ravenstein*, 167 So. 3d at 220 (¶21) (quoting *Union Chevrolet Co. v. Arrington*, 162 Miss. 816, 826-27, 138 So. 593, 593 (1932)). Thus, in a proceeding to appoint a conservator, "[C]hancellors have wide discretion in determining the appropriate person to be appointed as conservator." *In re Conservatorship of Estate of Jackson*, 203 So. 3d 4, 8 (¶16) (Miss. Ct. App. 2016).

¶17.    We find that the chancellor did not commit manifest error or abuse her discretion in appointing Elizabeth as Johnnie's permanent conservator. Dorothy had been removed as conservator for being in contempt of court. The court found Dorothy in contempt for failing to comply with its August 17, 2017 order, which required Dorothy, as temporary conservator, to submit an itemized statement of the monthly expenses needed for Johnnie's personal care. She was also required to allow visitation with Anika and interaction with Johnnie's siblings. Dorothy failed to do either. She had been in contempt for a minimum of fifteen months.

¶18.    Dorothy contends that as Johnnie's wife, she was the proper party to act as Johnnie's conservator. Dorothy relies on Dr. Patel's testimony that Dorothy provided sufficient care for Johnnie and that his needs were well maintained. However, our law regarding conservatorships gives no preference to a spouse. Miss. Code Ann. §§ 93-13-251 to -267 (Rev. 2013). Dorothy's diligence in the daily care of Johnnie is merely one of the many factors considered by the chancellor. *Jackson*, 732 So. 2d at 922 (¶9). Furthermore, the chancellor determined that it would be in Johnnie's best interest and welfare if Elizabeth served as conservator after reading the GAL's report and hearing testimony regarding the lack of contact Johnnie's siblings had with their brother and the family's concern with

7

Johnnie's welfare. Further, Dorothy and Johnnie had been estranged for more than twenty years and had lived separately until Johnnie's recent illness. The chancellor also heard testimony regarding Elizabeth's plans to improve Johnnie's welfare, such as seeing a nephrologist, the execution of his dialysis treatment, and Johnnie's need for glasses and a hearing aid. Considering the evidence, the chancellor properly appointed Elizabeth as Johnnie's conservator.

## CONCLUSION

¶19. Finding no error by the chancellor in appointing Elizabeth as permanent conservator, we affirm.

¶20. **AFFIRMED.**

**BARNES, C.J., CARLTON AND WILSON, P.JJ., WESTBROOKS, McDONALD, LAWRENCE, McCARTY, SMITH AND EMFINGER, JJ., CONCUR.**