# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2021-IA-00101-SCT

*CHARLES R. McRAE AND McRAE LAW FIRM, PLLC*

*v.*

*DON A. MITCHELL*

| | |
|---|---|
| DATE OF JUDGMENT: | 12/02/2020 |
| TRIAL JUDGE: | HON. M. RONALD DOLEAC |
| TRIAL COURT ATTORNEYS: | O. STEPHEN MONTAGNET, III |
| | CHARLES McRAE |
| | W. BRADY KELLEMS |
| COURT FROM WHICH APPEALED: | CHANCERY COURT OF THE FIRST JUDICIAL DISTRICT OF HINDS COUNTY |
| ATTORNEYS FOR APPELLANTS: | W. BRADY KELLEMS |
| | ANNETTE ELISE BULGER MATHIS |
| | CHARLES McRAE |
| ATTORNEY FOR APPELLEE: | O. STEPHEN MONTAGNET, III |
| NATURE OF THE CASE: | CIVIL - OTHER |
| DISPOSITION: | APPEAL DISMISSED - 05/12/2022 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE KITCHENS, P.J., COLEMAN AND GRIFFIS, JJ.**

**KITCHENS, PRESIDING JUSTICE, FOR THE COURT:**

¶1.     Charles McRae and the McRae Law Firm, PLLC, filed a notice of appeal from a non-final judgment. This Court entered an order that treated the notice of appeal as a petition for an interlocutory appeal, granted the petition, and stayed the proceedings in the trial court. Our appellate rules provide that a petition for an interlocutory appeal must be filed "within 21

days after the entry of such order in the trial court . . . ." M.R.A.P. 5(a). The time for taking an appeal under Rule 5 may not be extended. M.R.A.P. 2(c). Because McRae filed the petition for an interlocutory appeal more than twenty-one days after the entry of the order from which he sought an appeal, the petition for an interlocutory appeal was untimely. Therefore, this Court lacks jurisdiction over the appeal and, accordingly, it is dismissed.

## FACTS

¶2.     Attorney Don Mitchell hired Attorney Charles McRae of the McRae Law Firm, PLLC, to represent him in a fee dispute with other lawyers. Mitchell signed a contingency fee contract providing that McRae would charge a 40 percent contingency fee and advance litigation expenses. After arbitration resulted in a settlement, McRae placed the funds awarded to Mitchell into his trust account. A dispute arose between Mitchell and McRae about the amounts of the fee and the expense reimbursement that Mitchell owed to McRae under the contingency fee contract. Mitchell filed a complaint against McRae in the Chancery Court of the First Judicial District of Hinds County seeking injunctive relief, appointment of a receiver or an order of interpleader, a declaratory judgment, an accounting of the trust account funds and expenses, specific performance, prejudgment interest, and attorney's fees.

¶3.     McRae filed a motion to transfer the case to circuit court. He argued that, because Mitchell's complaint alleged a contractual fee dispute, the chancery court lacked jurisdiction over the case. *See* Miss. Const. art. 6, § 162. After a hearing, the chancery court entered an order affirming its jurisdiction and denying the motion to transfer. The order was entered on

2

December 2, 2020. McRae moved to have the judgment certified as a final judgment pursuant to Mississippi Rule of Civil Procedure 54(b), which provides:

> **Judgment Upon Multiple Claims or Involving Multiple Parties.** When more than one claim for relief is presented in an action, whether as a claim, counter-claim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an expressed determination that there is no just reason for delay and upon an expressed direction for the entry of the judgment. In the absence of such determination and direction, any order or other form of decision, however designated which adjudicates fewer than all of the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

M.R.C.P. 54(b). On January 11, 2021, the chancery court granted the motion. McRae filed a notice of appeal on January 28, 2021.

¶4.     Mitchell filed a motion requesting that this Court dismiss McRae's appeal. He argued that the chancellor's order of December 2, 2020, had been ineligible for certification as a final judgment under Rule 54(b). Because the order had been ineligible for certification as a final judgment, Mitchell argued, it was interlocutory and not a final, appealable judgment. Therefore, according to Mitchell, McRae's appeal should be dismissed. Mitchell argued that McRae should have sought review of the order by filing a petition for an interlocutory appeal pursuant to Rule 5 of the Mississippi Rules of Appellate Procedure, which enables this Court's discretionary review of interlocutory orders upon the filing of a timely petition. M.R.A.P. 5(a).

3

¶5.    A panel of this Court entered an order that designated McRae's notice of appeal as a petition for an interlocutory appeal, granted the petition, and stayed the proceedings in the trial court. Mitchell's motion for reconsideration was denied. The appeal was docketed. Briefing has been completed, and the appeal is before us for decision.

## DISCUSSION

¶6.    In his brief, Mitchell challenges this Court's appellate jurisdiction. Even if Mitchell had not raised the issue, this Court has a duty to examine its own jurisdiction.

> The Supreme Court in all cases is bound to inquire into its own jurisdiction, and decline to exercise a power not conferred upon it by law. And, if the question of jurisdiction is not raised by either of the parties to a cause, it is the duty of the Supreme Court to raise it of its own motion.

*Vicksburg Healthcare, LLC v. Miss. State Dep't of Health*, 292 So. 3d 223, 226-27 (Miss. 2020) (quoting *Drummond v. State*, 184 Miss. 738, 185 So. 207, 209 (1938)).

¶7.    McRae seeks this Court's review of the December 2, 2020, order of the chancery court denying his motion to transfer the case to circuit court. "Generally, only final judgments are appealable." *M.W.F. v. D.D.F.*, 926 So. 2d 897, 899 (Miss. 2006); M.R.C.P. 54(a). A final judgment is one that "adjudicates the merits of the controversy and settles all issues as to all the parties[ ] and requires no further action by the trial court." *Brown v. Collections, Inc.*, 188 So. 3d 1171, 1174 (Miss. 2016) (alteration in original) (internal quotation marks omitted) (quoting *Lewis v. Harvey (In re Est. of Lewis)*, 135 So. 3d 202, 205 (Miss. Ct. App. 2014)). A decision that does not resolve all of the claims against all of the parties and that leaves issues pending before the court is interlocutory and is not a final judgment from which an appeal can be taken. *Id.* (citing *In re Est. of Lewis*, 135 So. 3d at 205).

4

¶8.     Rule 54(b) allows the trial court to certify an order that is otherwise interlocutory as a final judgment if the order meets certain criteria. M.R.C.P. 54(b). Of particular relevance here, a final judgment may be entered "as to one or more but fewer than all of the claims or parties." *Id.* But if a non-final order does not "adjudicate[] fewer than all of the claims or the rights and liabilities of fewer than all the parties," the action is "not terminate[d] . . . as to any of the claims or parties and the order or other form of decision is subject to revision at any time" before final judgment is entered in the case. *Id.*

¶9.     An order finding that the chancery court has jurisdiction and denying a motion to transfer a case to circuit court is an interlocutory order. ***S. Leisure Homes, Inc. v. Hardin***, 742 So. 2d 1088, 1091 (Miss. 1999). In this case, the chancery court certified its December 2, 2020, order as final and appealable under Mississippi Rule of Civil Procedure 54(b). But a chancery court order affirming subject matter jurisdiction and denying a motion to transfer the case to circuit court is not amenable to certification under Rule 54(b). The order did not adjudicate any of the pending claims or adjudicate the rights and liabilities of fewer than all of the parties. This Court has held that:

> [W]hen contemplating certifying final judgments, trial judges must carefully consider whether the particular issue decided is eligible for certification. For an order or judgment to qualify for Rule 54(b) finality, the case *must* include: (1) either multiple claims, multiple parties, or both; and (2) either one or more but fewer than all claims must have been decided or all rights and liabilities of at least one party must have been adjudicated. This is why Rule 54(b) can only be invoked "in a relatively select group of cases and applied to an even more limited category of decisions." Excluded from certification are decisions that leave "a portion of the claim pending as to all defendants."

***Brown***, 188 So. 3d at 1175 (citations omitted).

5

¶10. Because the chancery court's December 2, 2020, order left all claims pending against all defendants, it was not eligible for Rule 54(b) certification. When Rule 54(b) certification is unavailable, "the only procedure available . . . [i]s an interlocutory appeal to the supreme court." *Id.* at 1177. A panel of this Court deemed McRae's notice of appeal to be a petition for an interlocutory appeal and granted it.

¶11. For interlocutory orders, "[a]ppeal . . . may be sought by filing a petition for permission to appeal with the clerk of the Supreme Court within 21 days after the entry of such order in the trial court . . . ." M.R.A.P. 5(a). Rule 2(a), entitled "Mandatory Dismissal," provides that "[a]n appeal shall be dismissed if the notice of appeal was not timely filed pursuant to Rules 4 or 5." The time for filing a petition for interlocutory appeal under Rule 5 may not be extended in civil cases. M.R.A.P. 2(c). "Rule 2(a) reflects the long-standing rule in this state that the failure to file a timely appeal leaves this Court without jurisdiction to consider the case." ***Bank of Edwards v. Cassity Auto Sales, Inc.***, 599 So. 2d 579, 582 (Miss. 1992). "The rule is strictly enforced." *Id.* (citing ***Schmitt v. Capers (In re Est. of Ware)***, 573 So. 2d 773, 775 (Miss. 1990)).

¶12. After the chancery court entered the order denying McRae's motion to transfer on December 2, 2020, McRae had twenty-one days in which to file a petition for interlocutory appeal. M.R.A.P. 5(a). McRae did not file the petition for interlocutory appeal until January 28, 2021, more than twenty-one days from the entry of the order from which he sought permission to appeal. Because the petition for interlocutory appeal was untimely, this Court lacks jurisdiction to hear the appeal.

6

**CONCLUSION**

¶13.    We dismiss this appeal for lack of jurisdiction.

¶14.    **APPEAL DISMISSED.**

    **KING, P.J., COLEMAN, MAXWELL, BEAM, CHAMBERLIN, ISHEE AND GRIFFIS, JJ., CONCUR. RANDOLPH, C.J., NOT PARTICIPATING.**